## J. M. JETER v. R. P. GOUGHENOUR.

Decided January 14, 1905.

**1.—Judgment—Finality—Disposing of All Issues—Appeal.**

Where plaintiff sued to recover an office, and also the fees thereof collected by the defendant while wrongfully holding it, and the verdict was for the plaintiff as to the office, but was silent as to the matter of the fees, and the evidence did not show what amount of fees defendant had collected, the failure of the verdict to find as to the fees will be regarded as tantamount to a finding against

plaintiff on that issue, and the judgment for the office is a final one, from which an appeal may be taken.

**2.—Same—Term of Office—Expiration Pending Appeal.**
    Where, in a suit to recover an office, the term of the office expires pending an appeal of the case by the defendant, the appeal will be dismissed.

**3.—Same—Necessity of Cross Appeal.**
    Where the appellee, who, as plaintiff below, recovered judgment for the office, but failed to recover for the fees, did not preserve the issue as to the fees by a cross-appeal, he could not urge that matter before the Appellate Court.

Error from the District Court of Hartley. Tried below before Hon. Ira Webster.

*Veale, Hendricks & Bailey* and *Browning, Madden & Trulove,* for appellant.

*Reeder & Cooper,* for appellee.—The verdict of the jury in this case disposed of all the issues in the meaning of the law. Missouri, K. & T. Ry. Co. v. Edwards, 36 S. W. Rep., 430; Sulphur Springs Ice Co. v. McKinley, 39 S. W. Rep., 1098; 24 Am. & Eng. Ency. of Law, 781; Johnson v. Murphey's Admrs., 17 Texas, 216; Toland v. Swearingen, 34 Texas, 448; Roberts v. Johnson, 48 Texas, 133.

STEPHENS, ASSOCIATE JUSTICE.—Defendant in error brought this suit to recover from plaintiff in error the office of county judge of Moore County, and also damages for the loss of the fees of office collected and appropriated by plaintiff in error. Both issues were submitted to the jury and disposed of as follows: "We, the jury, find that no vacancy existed in the office of county judge of Moore County, Texas, and therefore find for plaintiff, with fees or salary." Judgment was entered on this verdict for the office and costs of suit, but without making any mention of the clause "with fees or salary." Since this judgment was rendered the tenure of office in dispute has ceased to exist, and for that reason the judgment can not be executed.

The first question to claim our attention is one of jurisdiction; that is, whether the judgment appealed from disposed of all the issues, so as to render it final and appealable.

It has more than once been held that if the verdict and judgment fail to dispose of an issue made by the pleadings and evidence the appeal from such a judgment must be dismissed for want of appellate jurisdiction. (Burch v. Burch, 22 S. W. Rep., 825; Bank v. Stucken, 37 S. W. Rep., 170; Otto v. Halff, 32 S. W. Rep., 1052, and cases cited in these opinions.) The question, then, is, Did the verdict and judgment dispose of the claim made by plaintiff below for the amount of fees collected by defendant? In submitting this issue the court gave the following charge: "If you shall find for the plaintiff under the foregoing instructions, you should also find for him the fees or salary, if any, which the evidence may show that the defendant has received since he has been acting county judge of said county." The evidence tended to show that defendant had collected fees during the time he held the office, but failed to show how much he had collected, which doubtless accounts

for the form of the verdict, which seems to have been construed by the court as finding that plaintiff had failed to show any amount for which he was entitled to judgment. The court, therefore, gave judgment for the office only, thus, in effect, denying the claim for fees. The case of Roberts v. Johnson (48 Texas, 133) seems to be authority for holding such a judgment to be final, and in line with it is the case of Ablowich v. Bank (95 Texas, 429, 67 S. W. Rep., 79). See, also, Carter v. Insurance Company (3 Peters, 307), which was a suit to recover fifty-six bales of cotton, with damages and costs, and in which it was held that a decree for the restitution of the cotton with costs was a virtual denial of damages, and a final decree as to the claim for damages, the court announcing that in such case the "party will be deemed to have waived the claim for damages, unless he then interposed an appeal, or cross-appeal, to sustain that claim."

Therefore, treating the judgment as final and as being against plaintiff below, on his claim for fees collected by the defendant, in which judgment he has acquiesced, we must dismiss the suit for the office on the authority of the following cases, the late election having eliminated that bone of contention: Robinson v. State, 87 Texas, 568; McWhorter v. Northcutt, 24 Texas Civ. App., 22, 57 S. W. Rep., 904, 58 S. W. Rep., 721; Eberstadt v. State, 20 Texas Civ. App., 164, 49 S. W. Rep., 655—writ refused; Watkins v. Huff, 94 Texas, 631, 64 S. W. Rep., 682; Southwestern Tel. & Tel. Co. v. Galveston County, 59 S. W. Rep., 589. The judgment denying recovery on the other cause of action set up in the petition, being valid and enforceable, and not complained of, will be permitted to stand.