EL PASO & S. W. R. CO. OF TEXAS et al. v. ANKENBAUER. (No. 432.)†

(Court of Civil Appeals of Texas. El Paso. April 8, 1915. Rehearing Denied April 29, 1915.)

1. JUDGES ☞16 — RESIGNATION — SPECIAL JUDGE — CONSTITUTIONAL AND STATUTORY PROVISIONS.

Const. art. 16, § 17, and Rev. St. 1911, art. 1672, providing that all officers shall continue to perform the duties of their offices until their successors are duly qualified, are mandatory and intended to prevent vacancies in office and cessation of the functions of the government, and hence the judge of the special district court, who had resigned, to take effect September 30th, at midnight, continued in office and was authorized to hold his term of court until his successor was appointed, and on his refusal to do so, and the Governor's failure to appoint a successor, a special judge elected by the bar of the court was authorized to sit until the completion of any business of the court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 46, 53–59; Dec. Dig. ☞16.]

2. TRIAL ☞18 — RECEPTION OF EVIDENCE — WITNESS' DEPOSITION—PRESENCE OF PLAINTIFF.

In a switchman's action for personal injuries, wherein his deposition was on file, it was not error to bring him into the courtroom on a stretcher without showing that he could only reach the courtroom in such way, since he had the right to use the deposition or to testify in the case as a witness.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 37, 42½; Dec. Dig. ☞18.]

3. CONTINUANCE ☞46—GROUNDS—SURPRISE —SUFFICIENT CAUSE.

In a switchman's action for injuries, wherein his petition was amended to set up an ordinance fixing the rate of speed at which engines might be operated within city limits, and assigning negligence in operating an engine at a greater speed, and a copy of the ordinance was attached to the pleading, filed September 10th, about 20 days before trial, defendant's application for a continuance on the ground of surprise at the new matter pleaded, stating that the ordinances were contained in the minute books of the city council, not otherwise accessible, so far as known to defendant, and that the allegation necessitated an exhaustive examination of the records to ascertain whether the ordinance had been repealed or amended, without showing any effort to examine the records containing the minutes of the city council, or the number, etc., of the books to be examined, or the probable time it would take, did not show "sufficient cause" for a continuance.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 132–140; Dec. Dig. ☞46.]

Appeal from District Court, El Paso County; J. G. McGrady, Special Judge.

Action by J. A. Ankenbauer against the El Paso & Southwestern Railroad Company of Texas and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Hawkins & Franklin and W. M. Peticolas, all of El Paso, for appellants. Wallace & Gardner and J. E. Purser, all of El Paso, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

WALTHALL, J. This is a personal injury suit in which the plaintiff, J. A. Ankenbauer, sued the El Paso & Southwestern Company and the El Paso & Southwestern Railroad Company of Texas, for damages which he alleges he sustained in the nighttime on the 17th day of June, 1914, while in the employ of the defendants as switchman in their railroad yards at El Paso, Tex., on account of the alleged negligence of the defendants proximately causing his said injuries. Plaintiff alleges that he was directed by the foreman in charge of the switching crew to go with the switch engine from the main yard to the east yard; that, while riding on the footboard on the tender of the engine, the engine collided with other cars standing on the track, thereby causing his injuries. He assigned as negligence that said engine was operated at an excessive rate of speed; that the engineer failed to keep a reasonably sufficient lookout for obstructions in the way of cars on the track; and that defendants left other cars standing on the main line without giving any notice or warning to plaintiff or placing any light on them and without leaving a man stationed near the cars to warn employés of the presence of said cars on the main line. Plaintiff alleged an ordinance of the city of El Paso, fixing the speed of the train in the city limits and its violation. Plaintiff alleged that, in the collision of the engine on which he was riding with cars standing on the track, he was thrown from his position on the footboard to the ground, part of the tender of the engine passing over him, and was rolled, dragged, and seriously and permanently injured, specifying his injuries. The defendants excepted to the plaintiff's petition and by their answer put in issue the facts charging negligence.

The case was tried before Hon. J. G. McGrady, who sat as special judge. The case was submitted on special issues; and, on the jury's answers to the questions submitting the special issues, judgment was rendered for plaintiff in the sum of $14,250. Original and amended motions for new trial were filed and, being overruled, defendants gave notice of appeal.

Defendants' first, second, and third assignments of error and the propositions thereunder in different ways question the power, authority, and right of the special judge to try the case. The assignments do not question the regularity of the election of the special judge, but are based on the following, which we find to be the facts disclosed by the record:

Judge M. Nagle, the judge of that court, on September 24, 1914, wrote the Governor, tendering his resignation as judge of the special district court of El Paso county, to take effect on the night of September 30th, at 12 o'clock. On September 28th, the resignation was accepted by the Governor, and on the same day was transmitted to the Secretary of State for filing in his office. On the 28th of September, and during the regular term of court, Judge Nagle stated to the lawyers then assembled in his courtroom in the capacity of the El Paso bar, that he was unwilling to serve and would not longer serve as judge of said court and would absent himself from the courthouse. Later, and on the same day, the practicing lawyers in El Paso county met in the courtroom of said court and regularly elected, from among their number, J. G. McGrady, special judge of the special district court for El Paso county. The attorney, in placing J. G. McGrady's name in nomination, stated that he "moved that the said McGrady be elected to serve the remaining three days of Judge Nagle's court." J. G. McGrady, after his election, took the oath of office and entered upon its duties. This case came on for trial on the 1st day of October, 1914, and thereupon the defendants moved the said J. G. McGrady to refuse to try the case and not further proceed with said cause, upon the following grounds: (a) That the bar of El Paso county has no power in law to fill a vacancy in the office of district judge, and that Judge Nagle having resigned, effective September 30th, on October 1st, when said case came on for trial, there was a vacancy in the office of district judge of said court; (b) because the election of said judge was effective only for the remaining three days of Judge Nagle's term of office; (c) because, Judge Nagle having resigned, the lawyers practicing in said court had no power to elect a special judge and so to fill a vacancy in said office. The motion was overruled by Judge McGrady, and the defendants excepted.

The trial of this cause proceeded and terminated before the Governor made the appointment of a judge for said court. Under the facts stated, did the election of the special judge terminate on the 30th of September? If the powers and duties of the regular judge of the court terminated on the acceptance of his resignation by the Governor at the time fixed in the resignation for it to become effective, we think there could be no doubt but that the powers and duties of the special judge elected to serve during the absence of or the time the regular judge was unwilling to serve would terminate. The powers and duties of the special judge in holding the term of the court and performing the duties of the court at that term were coextensive with and limited by the powers and duties of the regular judge in whose place he was then serving—no greater, no less. Had the regular judge returned and been willing to serve in the trial of this case on the 1st of October and until his successor had been appointed by the Governor and qualified, would it have been his duty and had he the power and authority to have done so?

[1] The Constitution and statutes of this state provide that all officers shall continue to perform the duties of their offices until their successors shall be duly qualified. Con-

stitution of Texas, art. 16, § 17; Revised Civil Statutes, art. 1672. The courts in this state have uniformly held these provisions to be mandatory; "they shall continue to perform the duties." The purpose is that there should be no vacancy in the office, and that the functions of government must not cease. Keene v. Featherstone, 29 Tex. Civ. App. 563, 69 S. W. 983. Justice Stephens, in McGhee v. Dickey, 4 Tex. Civ. App. 104, 23 S. W. 404, said:

"The public necessity for continuity of official tenure is not left to the caprice of the office holder. The contract for public service imposes a mutual obligation upon the officer and the public, which cannot be arbitrarily dispensed with by either party."

In the case of Jones v. City of Jefferson, 66 Tex. 576, 1 S. W. 903, the Supreme Court of this state, in discussing article 16, § 17, of the Constitution of this state, quoted above, said:

"It is held by the Supreme Court of the United States, following the decision of the Supreme Court of Illinois in the same case, that under the statute of that state, which, like that of Texas, declares that all officers shall hold over until their successors are elected and qualified, an officer, whose resignation has been tendered to the proper authority and accepted, continues in office and is not released from its duties and responsibilities until his successor is appointed or chosen, and qualified. Badger v. U. S., 93 U. S. 599 [23 L. Ed. 991]."

While the interpretation of similar provisions in Constitutions and statutes of other states has frequently been the subject of judicial investigation, and has given occasion to disagreement of opinion in those jurisdictions, we are of the opinion that the above authorities settle the question in this state as to the construction to be placed upon the Constitution and statute quoted. If Judge M. Nagle, the regular judge, continued in office and had the power and authority, and it was his duty to hold his term of court until his successor in office had been appointed and qualified, the special judge duly elected by the practicing lawyers had the power and authority, and it was his duty to hold the term of court during the continued absence and unwillingness of the regular judge to be present and act and until the completion of any business begun before such special judge. The assignments, first, second, and third are overruled.

Under assignments fourth and fifth, appellants assert with much force that the verdict is excessive.

We have carefully gone over and studied the evidence of each witness, and cannot say that the verdict is excessive. The assignments are overruled.

[2] The sixth assignment claims error in allowing plaintiff's counsel to bring the plaintiff into the courtroom upon a stretcher without any showing that he could only reach the courtroom in such way, and in overruling defendants' motion to refuse plaintiff such privileges; it appearing that plaintiff's deposition was on file in the case. Appellants refer us to no authority in support of this assignment. Appellee had the right to use the deposition or to testify in the case as a witness. The assignment is without merit and is overruled.

[3] Appellants assign error on the action of the court in overruling their first application for a continuance, claiming surprise in the new matter pleaded in appellee's amended pleading. The trial court, upon hearing said motion, announced that, as to the allegations contained in said amended petition, defendants' engineer was an incompetent person, and, of the rule and custom to notify switchmen when the main line would be blocked, he would sustain said motion, unless the plaintiff would withdraw said facts from the petition. The plaintiff thereupon withdrew said allegations, and thereupon the court overruled the motion for continuance. The amended pleadings, with the matters above stated eliminated, left as new matter only allegations contained in the fifth paragraph of the amended pleadings setting up the provisions contained in an ordinance of the city of El Paso, fixing the rate of speed at which engines could be operated within the corporate limits of the city and assigning negligence in operating the engine on which appellee was at the time of the accident at a greater rate of speed than the ordinance permitted. A copy of the ordinance was attached to the pleading. The amended pleading was filed on the 10th day of September, and the case was called for trial on the 1st day of October. The application for continuance stated:

That "the ordinances of the city are contained in the minute books of the city council and are not accessible in their amended and completed form, so far as is known to affiant, from any other source; that this allegation will necessitate an exhaustive examination of said records to ascertain whether said ordinance is still in force or whether the same has been repealed or amended in any particular. That such investigation cannot be made in time for trial at this time."

Does the motion show "sufficient cause" for a continuance? The statute does not state what shall constitute "sufficient cause." The application does not state that defendants had made any effort at an examination of the records containing the minutes of the city council, nor the number, size, or pages of the books to be examined, nor the length of time probably necessary for an examination of them. The bare statement that an examination of the records would be necessary, and that such investigation could not be made in time for trial at that time, does not show "sufficient cause." The amended motion for a new trial was heard and overruled on October 21st. The amended petition had then been on file 20 days. The assignment is overruled.

Finding no reversible error, the cause is affirmed.