## PIONEER LAND & LOAN CO. OF MARTIN COUNTY v. EBERSOL. (No. 1147.)

(Court of Civil Appeals of Texas. El Paso. Dec. 9, 1920.)

Appeal and error ⬤⟿1010(1)—Finding supported by evidence not disturbed, though appellate court might reach different conclusion.

Whether a broker suing for commissions was the efficient procuring cause of a sale was a question for determination by the trial court; and, where its findings are supported by evidence, they cannot be disturbed, though the Court of Civil Appeals might reach a different conclusion.

Appeal from District Court, Martin County; Chas. Gibbs, Judge.

Action by the Pioneer Land & Loan Company of Martin County, Tex., against Charles Ebersol. From a judgment for plaintiff, defendant appeals. Affirmed.

Morrison & Morrison, of Big Springs, for appellant.

Garrard & Baker, of Midland, for appellee.

HARPER, C. J. Appellants brought this suit against appellee for $538.92, commissions for procuring a purchaser of stock of merchandise belonging to appellee, as agents. Tried before the court without a jury. Judgment for defendant.

The court found as a fact that the plaintiffs were not the efficient procuring cause of the sale. The assignments of error are simply attacks upon the findings of the trial judge. We find that the evidence is sufficient to sustain the findings and judgment, and for that reason the cause is affirmed. This was a question for determination by the trial court. Ford v. Cole et al., 195 S. W. 661; Bancroft v. Emerson et al., 194 S. W. 991. Where, as in this case, there is evidence to support the findings of the trial court, this court is without power to disturb it. Am. Surety Co. v. Hardwick, 186 S. W. 804. This is true though this court might reach a different conclusion. Marse & Co. v. Flockinger, 189 S. W. 1017.

The assignments are overruled, and cause affirmed.

---

## GRIFFITH v. STATE ex rel. AINSWORTH. (No. 1146.)

(Court of Civil Appeals of Texas. El Paso. Dec. 9, 1920.)

1. Quo warranto ⬤⟿23—Suit dismissed when term of office has expired.

In an action in quo warranto to remove a person from an office, a suit for the office must be dismissed where the term of office has expired.

2. Appeal and error ⬤⟿1172(3)—Part of Judgment not appealed from permitted to stand, though suit dismissed as to other cause of action.

In an action in quo warranto where the judgment removed defendant from the office and denied a recovery of salary, fees, or emoluments, the judgment denying recovery, which was not appealed from, will be permitted to stand, though the suit for the office is dismissed.

3. Quo warranto ⬤⟿63—Costs taxed against relator when defeated on claim for salary and term had expired.

In an action in quo warranto, the costs will be taxed against the relator, where judgment was rendered against him on his claim for the salary, fees, and emoluments of the office and the suit for the office is dismissed because the term has expired.

Appeal from District Court, Pecos County; Jas. Cornell, Judge.

Quo warranto by the State, on the relation of L. W. Ainsworth, against H. B. Griffith. From a judgment against him, defendant appeals. Suit dismissed.

See, also, 216 S. W. 469.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant.

Howell Johnson, of Ft. Stockton, and Wright & Harris, of San Angelo, for appellee.

HARPER, C. J. This is an action in quo warranto instituted by the district attorney of the Eighty-Third district of Texas, upon relation of L. W. Ainsworth, to remove appellant, H. B. Griffith, from the office of county judge of Upton county, Tex., and for the emoluments of the office. Petition signed by both the district attorney and attorney for appellee. Tried to a jury, and upon the verdict the court entered its judgment that L. W. Ainsworth recover of H. B. Griffith title and possession of the office, and further decreed that "Ainsworth take nothing upon his suit for salary, fees, or emoluments."

[1] From which judgment Griffith alone has appealed. The term of office having expired, the suit for the office must be dismissed. McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720.

[2] The judgment denying recovery on the other cause of action, for the emoluments of the office not having been appealed from, will be permitted to stand. Jeter v. Gouhenour, 37 Tex. Civ. App. 643, 84 S. W. 1091; Ry. Co. v. Jarmon, 141 S. W. 155.

[3] The respondent having successfully defended the suit for salary, fees, and emoluments of the office, the costs are taxed against relator, Ainsworth.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes