**Robert Harry SHIELDS, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 03–95–00182–CV.

Court of Appeals of Texas,
Austin.

Dec. 19, 1996.

Rehearing Overruled Feb. 6, 1997.

---

John Alan Goren, Dallas, for appellant.

Maureen Powers, Assistant Attorney General, Financial Litigation Division, Austin, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

POWERS, Justice.

We withdraw our previous opinion of October 23, 1996, and substitute the following. The State of Texas recovered judgment against Robert Harry Shields after a trial without a jury. The judgment permanently enjoins Shields from certain conduct relating to securities and imposes upon him money judgments in favor of eighteen defrauded individuals.[1] We will reverse the trial-court judgment and remand the cause to the trial court.

## JURISDICTION

In a reply point, the State contends we have no jurisdiction to decide Shields's appeal because he failed timely to perfect the appeal. The State reasons as follows: the judgment is silent as to the ground upon which it rests; it might therefore rest upon the State's action in the nature of a quo warranto; and Shields failed to perfect his appeal within the shortened period of twenty days allowed for such actions by Texas Rule of Civil Procedure 42(a)(3). We reject the theory.

Actions in the nature of a quo warranto originated in the common law but are now governed by the statutory provisions found in sections 66.001–.003 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code § 66.001–.003 (West 1986 & Supp.1995); *State ex rel. Jensen v. Owens,* 63 Tex. 261, 270 (1885). In such actions, the district court may render only the judgments authorized by the relevant statutes. *Cole v. State ex rel. Cobolini,* 163 S.W. 353, 353 (Tex.Civ.App.—San Antonio), *writ dism'd,* 106 Tex. 472, 170 S.W. 1036 (1914). Assuming Shields occupied an "office" or held a "franchise" within the meaning of section 66.001, neither injunctive relief nor the recovery of money damages is a judgment authorized for such actions in sec-

---

1. The cause was tried on the allegations contained in the State's third amended original petition, averring two causes of action authorized by article 581–32 of the Texas Securities Act. *See* Tex.Rev.Civ. Stat. Ann. art. 581–1, et seq. (West 1967 & Supp.1995) (the "Act"). The State's Petition also rested its claim for a permanent injunction upon a plea in the nature of a quo warranto. *See* Tex. Civ. Prac. & Rem.Code Ann. § 66.001–.003 (West 1986 & Supp.1995). In such actions, the trial court may fine or remove from an "office" or a "franchise" a defendant found guilty of any act or omission specified in section 66.001. *See id.* § 66.003(1) and (3).

tion 66.003.[2] Moreover, the State's allegations amount to a contention that Shields's conduct constituted an abuse of this "office" or "franchise" (presumably as a licensed securities broker) by unlawful acts. Such allegations will not support a judgment in an action under section 66.001. *See* Tex. Civ. Prac. & Rem.Code Ann. § 66.001; *State ex rel. Phillips v. Trent Indep. Sch. Dist.*, 141 S.W.2d 438, 440 (Tex.Civ.App.—Eastland 1940, writ ref'd). As a matter of law, the record demonstrates that the trial-court judgment cannot rest upon the State's pleaded action in the nature of a quo warranto.

We therefore overrule the State's reply point and its motion to dismiss Shields's appeal. The appeal was governed by Rule 41(a)(1), with which Shields complied, and not rule 41(a)(3). *See* Tex.R.App. P. 41(a)(1), (3).

## SCOPE OF THE INJUNCTION

In Shields's second point of error, he contends the injunction exceeds the scope authorized by article 581–32 of the Act.

█ Article 581–32 authorizes injunctions against persons who participate materially in fraudulent activity amounting to a violation of the Act, restraining their *"continuing* such fraudulent practices or engaging therein or doing any act or acts *in furtherance thereof* or in violation of" the terms of the Act. *See* Act 581–32(A) (emphasis added). Conduct outside that designated in the statute may not be restrained in an action under article 581–32, section A. *See State ex rel. Shook v. All Texas Racing Ass'n*, 128 Tex. 384, 97 S.W.2d 669, 670 (1936); *Wade v. Abdnor*, 635 S.W.2d 937, 939 (Tex.App.—Dallas 1982, writ

dism'd); *Benton v. City of Houston*, 605 S.W.2d 679, 682 (Tex.Civ.App.—Houston [1st. Dist.] 1980, no writ).

█ In the State's action under article 581–32(A), the State alleged and the trial court found that Shields committed fraudulent acts by misrepresenting facts relevant to investments, making promises and predictions that were not honest or in good faith, and intentionally failing to disclose material facts to investors—all violations of the Act. The injunction order restrains Shields from future violations of that character but goes further to restrain his selling, brokering, or dealing in securities in any manner, without reference to fraud or the terms of the Act.[3] The terms of article 581–32(A) do not authorize an injunction of that scope. Accordingly, we hold that issuance of the injunction, insofar as it restrains acts that are not fraudulent or a violation of the Act, constituted an abuse of discretion. *See Davis v. Huey*, 571 S.W.2d 859, 861–862 (Tex.1978); *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 935 (Tex.App.—Austin 1987, no writ).

The State suggests the scope of the injunction is authorized by article 531–3 of the Act. That statute entrusts administration of the Act to the Securities Commissioner and requires that officer "and the Attorney General to see that its provisions are at all times obeyed and to take such measures and to make such investigations as will prevent or detect the violation of any provision thereof." *See* Act, art. 581–3. We hold the State's interpretation is not a reasonable construction of the statutory language. That interpretation turns the statute on its head because it would authorize the two public officers to *misapply* the terms of arti-

---

**2.** Section 66.003 provides that the court, upon a finding of guilty:

    (1) shall enter judgment removing the person from the office or franchise;

    (2) shall enter judgment for the costs of prosecution in favor of the relator; and

    (3) may fine the person for usurping, intruding into, or unlawfully holding and executing the office or franchise.

Tex. Civ. Prac. & Rem.Code Ann. § 66.003 (West 1986 & Supp.1995).

**3.** The injunction permanently enjoins Shields from directly or indirectly engaging in the following conduct:

    A. Selling or offering for sale any security . . . within or from this State.

    B. Acting as a dealer, broker or salesman of securities in Texas.

    . . . .

    D. . . . [I]ssuing, selling or offering for sale and dealing in securities in or from the State of Texas in any manner regardless of whether the securities or the sale of securities would be exempt from registration . . . [under] The Securities Act and/or the regulations [thereunder].

cle 581–32—a statute that article 581–3 instructs them to *enforce.*

We therefore sustain Shields's second point of error complaining of the scope of the permanent injunction and reverse the trial-court judgment. We need not discuss Shields's remaining points of error for none of them demonstrate reversible error upon which we may, as a matter of law, render judgment on appeal. We remand the cause to the trial court.