NO. 07-02-0471-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 26, 2004

_____


DAVID CRAWFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 89,331-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.


**OPINION**


In this appeal David Crawford challenges a summary judgment for the State of

Texas in a *quo warranto* proceeding removing him from the office of Constable for Precinct

3 of Potter County, and imposing a fine of $2012.05 and costs. He presents five issues for

our review which he contends show error in the trial court's judgment. Finding merit in a

portion of his fourth issue, we sever that issue, remand it to the trial court and affirm the remainder of the judgment.

The relevant factual and procedural history of this litigation is essentially undisputed. In November 2000 appellant was elected to the office of constable of Potter County Precinct 3. He assumed that office on January 1, 2001. No defects in his assumption of the office have been alleged, however, at the time he took office, appellant did not have a peace officer license issued by the Texas Commission on Law Enforcement Officer Standards and Education. Section 86.0021(b) of the Local Government Code required appellant to provide the commissioners court with evidence he had received a permanent peace officer license within 270 days from the date he took office. Tex. Loc. Govt. Code Ann. § 86.0021(b) (Vernon Supp. 2004). The statute goes on to provide that a constable who fails to do so "forfeits the office and is subject to removal in a quo warranto proceeding under Chapter 66 [of the] Civil Practice and Remedies Code." *Id.* The 270th day after appellant took office was September 28, 2001. He does not dispute that day came and went without his having acquired a peace officer license.

The Potter County Attorney, who represents the State in this proceeding, sent a letter to appellant dated October 10, 2001, which recited the provisions of section 86.0021(b) and the fact that no evidence of a peace officer license had been presented. It also informed appellant "the commissioners request that you submit your resignation to be effective immediately. This resignation will result in a vacancy in the office of constable. The commissioners are willing to consider appointing you to fill the vacancy[.]" Appellant did not submit his resignation and the county continued to pay him the salary set for the

office. On November 13, 2001, the county filed a petition for leave to file information in *quo warranto* alleging the facts set out above, that appellant unlawfully held the office and that he had forfeited the office. It sought an order ousting appellant from the office of constable and imposing a fine for "usurping and/or unlawfully holding and executing the office." It also sought an injunction preventing appellant from acting as a constable.

On a date not shown in the record the county discontinued salary payments to appellant.[1] Appellant provided a letter to the county judge on December 27, 2001, in which he resigned from the office of constable effective immediately but purported to reserve "any claims for actual or punitive damages" from his term of office. On December 31, 2001, he filed a letter in the trial court in answer to the county's petition, together with a copy of his resignation letter. That answer requested dismissal of the cause as moot based on his resignation. The record does not disclose an express ruling on the motion but does reveal the trial court issued a discovery control order on May 21, 2002, setting July 8, 2002, as the deadline for completion of discovery and providing any motions for summary judgment were to be filed by July 19, 2002.

The State filed a motion for summary judgment July 18, 2002. The grounds asserted in the motion were that there were no genuine questions of fact on whether appellant had forfeited his office by failing to present evidence of a permanent peace officer license within the required time, and that the State was "entitled, as a matter of law, to judgment finding [appellant] guilty of engaging in an act that, by law, caused a forfeiture of

---

[1]At oral argument the parties represented this date was December 27, 2001.

his office and ousting [him] from the office of constable for Precinct 3 of Potter County, Texas." It also requested "that [appellant] be fined pursuant to section 66.003(3) of the Civil Practice and Remedies Code based upon his unlawful holding of the office of constable after he forfeited that office."

The motion challenged appellant's claim of mootness, relying on the "holdover provision," of the Texas Constitution, Article XVI, Section 17, which provides "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." In its motion the State also alleged appellant "wrongfully appropriated $2,012.05" from Potter County, and requested imposition of a fine in that amount. The motion was supported by affidavits from the county judge, two employees of the county attorney's office, both addressing service of discovery requests on appellant, and an employee of the county auditor's office, stating appellant had been paid $2012.05 after September 2001.

The following day, appellant filed a formal answer to the suit, reasserting his claim of mootness. Appellant also filed his own motion for summary judgment seeking a take-nothing judgment against the State on the basis that he had resigned from the office of constable and the *quo warranto* proceeding was moot. In a later brief in the trial court, appellant characterized his mootness claim as a plea to the court's jurisdiction.

October 1, 2002, the trial court rendered final summary judgment denying appellant's plea to the jurisdiction and his request to join members of the commissioners court as defendants. It denied appellant's motion for summary judgment and granted the

-4-

State's motion, removing him from office and declaring that office vacant. It also imposed a fine of $2012.05 for "usurping and for unlawfully holding and executing the office of constable" together with court costs.

After filing a motion for new trial complaining of the denial of a jury trial, abuse of discretion in imposing a fine, and challenging the trial court's jurisdiction, appellant timely perfected this appeal. His five issues contend the trial court erred in: (1) finding it had jurisdiction; (2) removing an elected official from office without a trial by jury; (3) imposing a fine without conducting a trial by jury; (4) concluding appellant was not entitled to compensation and imposing a fine in the amount of the payments; and (5) rendering a declaratory judgment that appellant's office was vacant, relief he contends was not authorized by statute.

**Jurisdiction**

It is fundamental that a court must have jurisdiction over the parties and the subject matter before it or any judgment it renders is void. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Subject matter jurisdiction requires that there be a live controversy between the parties. *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). A moot case lacks justiciability. *Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439, 442 (Tex. 1998). A case becomes moot if at any stage there ceases to be an actual controversy between the parties. *National Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). The test for mootness is commonly stated as whether the court's action

on the merits would affect the rights of the parties. *See VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993).

Despite the language of section 86.0021(b) of the Local Government Code that a constable who fails to provide evidence of receipt of a permanent peace officer license by the required date "forfeits the office," neither party contends that appellant automatically vacated his office when he failed to become licensed by September 28, 2001. The parties cite a 2002 Texas Attorney General's opinion stating that a constable who fails to provide evidence of licensure automatically forfeits the office but is not automatically removed from office, and may continue to perform the duties of the office until removed by a district court in a *quo warranto* proceeding. Op. Tex. Atty Gen. No. JC-0514 (2002).

Chapter 66 of the Civil Practice and Remedies Code governs the conduct of *quo warranto* proceedings. The provisions relevant here include:

§ 66.001. Grounds.

An action in the nature of quo warranto is available if:

(1) a person usurps, intrudes into, or unlawfully holds or executes a franchise or an office, including an office in a corporation created by the authority of this state;

(2) a public officer does an act or allows an act that by law causes a forfeiture of his office;

§ 66.003. Judgment

If the person against whom the information is filed is found guilty as charged, the court:

(1) shall enter judgment removing the person from the office or franchise;

(2) shall enter judgment for the costs of prosecution in favor of the relator; and

(3) may fine the person for usurping, intruding into, or unlawfully holding and executing the office or franchise.

Tex. Civ. Prac. & Rem. Code Ann. § 66.001 -.003 (Vernon 1997).

These provisions have their origins in statutes enacted at least as early as 1879.[2] *See Scolaro v. State ex rel. Jones*, 1 S.W.3d 749, 758 (Tex.App.–Amarillo 1999, no pet.). *Quo warranto* actions are described as "those through which the State acts to protect itself and the good of the public generally." *Fuller Springs v. State ex rel. City of Lufkin*, 513 S.W.2d 17, 19 (Tex. 1974); *see Hunt v. City of Longview*, 932 F.Supp. 828, 834 (E.D. Tex. 1995). With respect to such actions involving officeholders, the purpose of a *quo warranto* action is to determine disputed questions concerning a person's right to hold an office and exercise its functions. *State ex rel. Angelini v. Hardberger*, 932 S.W.2d 489, 490 (Tex. 1996); *State ex rel. Jennett v. Owens*, 63 Tex. 261, 270 (1885). In the opinion cited by the parties, the Attorney General has referred to *quo warranto* as generally the exclusive procedure to declare that an elected official is no longer qualified to occupy the office. Op. Tex. Atty. Gen. No. JC-0514 (2002).[3]

On appeal, appellant again contends the State's *quo warranto* proceeding against him became moot on his December 27, 2001 resignation from office and the trial court

---

[2] *See* Act of July 9 1879, 16th Leg. S.S., Ch 48, § 1, 1879 Tex. Gen. Laws 75.

[3] Under more recent statutes, other procedures also may serve that purpose. *See, e.g.*, Tex. Occ. Code Ann. § 1701.302 (Vernon Pamph. 2004) (removal of elected law enforcement officers for failure to obtain peace officer license).

thereafter was without jurisdiction to hear the case. The State also reurges the position it took in the trial court, arguing that the court maintained jurisdiction over the *quo warranto* proceeding because appellant continued in office, despite his resignation, under Article XVI, Section 17.

A vacancy in the office of constable would be filled by appointment made by the commissioners court. Tex. Loc. Govt. Code Ann. § 87.041(a)(11) (Vernon 1999). The Potter County commissioners court did not appoint a successor to the office following appellant's December 2001 resignation.

As a preliminary matter, we agree with the conclusion reached by the Attorney General that a constable's failure to obtain or maintain a permanent peace officer's license does not, under Chapter 86 of the Local Government Code, automatically remove the constable from office but makes him subject to removal. Tex. Loc. Govt. Code Ann. § 86.0021(b) (Vernon Supp. 2004); Op. Tex. Atty Gen. No. JC-0514 (2002). Under the procedures established by the legislature, something more than appellant's failure to obtain the required license was necessary to cause a vacancy in the office. By the language of the statute, that "something more" was appellant's removal by means of *quo warranto.*

In support of its argument that, under Article XVI, Section 17, appellant's resignation was not effective to vacate his office and therefore did not render the *quo warranto* proceeding moot, the State initially cites *Lowe v. State*, 83 Tex. Crim. 134, 201 S.W. 986 (1918), which considered the effect of a district judge's acceptance of appointment as a military officer in 1917. There the court found another provision of the constitution

controlled its decision but referred also to Article XVI, Section 17, citing *McGhee v. Dickey*, 23 S.W. 404 (Tex.Civ.App. 1893, no writ), for the proposition that under the holdover provision, a public officer "could not arbitrarily divest himself of the obligation and authority to perform the duties of his office until his successor qualified, and that although he resigned, and his resignation be accepted, [Article XVI, Section 17] would operate to continue him in office until his successor qualified." *Lowe*, 201 S.W. 986. In *McGhee*, a county judge tendered his resignation, but it was not accepted and was subsequently withdrawn. Considering the holdover provision of the constitution, the court concluded "a public office does not become vacant by an unaccepted resignation," noting "[t]he public necessity for continuity of official tenure is not left to the caprice of the office-holder. The contract for public service imposes a mutual obligation upon the officer and the public, which cannot be arbitrarily dispensed with by either party." 23 S.W. at 405; *see also Plains Common Consolidated School Dist. v. Hayhurst*, 122 S.W.2d 322 (Tex.Civ.App.–Amarillo 1938, no writ).[4]

This reasoning has been followed in other cases. Examples include *Keen v. Featherston*, 29 Tex.Civ.App. 563, 69 S.W. 983 (1902, writ ref'd), a trespass to try title suit that presented the issue whether a county surveyor's resignation was effective, making him eligible to purchase land from the county. The commissioners court had accepted his

---

[4]Article XVI, Section 17 is not absolute. It does not obligate an officeholder who is removed from office to continue to perform the duties of office, even though a successor is not appointed. *See Manning v. Harlan*, 122 S.W.2d 704, 707 (Tex.Civ.App.–El Paso 1939, writ dism'd).

resignation but appointed no successor. The court held the constitution continued the surveyor in office in spite of his resignation. *Id.* at 984.

The Texas Supreme Court cited Article XVI, Section 17 in holding an attempted resignation did not terminate a mayor's term of office in *Jones v. City of Jefferson*, 66 Tex. 576, 1 S.W. 903 (1886). The evidence indicated that the mayor there sought to resign for the purpose of preventing service of process on the city for collection of a debt, not because of any disqualification to hold the office. *Id.* at 904.

The same reasoning appears in an Attorney General's opinion cited by the State, Op. Tex. Atty. Gen. No. DM-493 (1998), opining that certain water district directors who become disqualified for office under Water Code section 49.072 and wish to cease acting as director before their successors qualify nonetheless hold over in office under Article XVI, Section 17.

Other authority suggests that an officeholder's resignation may be effective to vacate the office, at least for some purposes. The most recent case in which our supreme court has considered a resignation by an otherwise qualified public official is *Angelini*, 932 S.W.2d 489. In that case, a justice of a court of appeals sent a letter in June 1996 to the governor advising of his intent to resign effective January 1, 1997, when he expected to assume the office of chief justice of the same court. Relying on provisions of the Election Code, the governor's office treated the resignation as effective eight days after receipt,[5] creating a vacancy, and the governor appointed a replacement. *Id.* at 490. The State

---

[5]*See* Tex. Elec. Code Ann. § 201.023 (Vernon 2003).

brought a *quo warranto* proceeding to oust the justice from office. The supreme court found the governor's power of appointment was not invoked by the justice's letter, and found no basis for his removal. *Id.* at 492. The court wrote "[i]f his service is ended by voluntary resignation, he controls the right to decide when he leaves." *Id.* at 492. It addressed Article XVI, Section 17 by noting "the Constitution permits his service to be extended, *see* Tex. Const. art. XVI, § 17, but not truncated." *Id.* This statement provides support for the proposition that the resignation of a qualified public official can be effective to terminate his service.

The most factually similar *quo warranto* case we have reviewed is *Phagan v. State*, 510 S.W.2d 655 (Tex.Civ.App.–Fort Worth 1974, writ ref'd n.r.e.). In that case, Phagan, a district attorney, was disbarred in May 1973, rendering him disqualified to hold that office. *Id.* at 657. He appealed the disbarment action. During the pendency of that appeal, in September 1973, the State brought a *quo warranto* proceeding to oust him from office. The trial court rendered summary judgment for the State in the *quo warranto* action in November 1973 and Phagan appealed that judgment also.

During the pendency of the appeal, Phagan submitted his resignation in March 1974. *Id.* at 658. Among the arguments advanced on appeal by Phagan was the assertion that his resignation rendered the case moot. With regard to the effect of the resignation the court wrote: "This resignation did render moot some of the questions involved in the *quo warranto* proceedings, but not all of them. The question of whether Phagan is or is not entitled to the emoluments of the office during the period between the date of the rendition of the decree appealed from and the date of his resignation from the office would hinge on

the outcome of this appeal." *Id.* at 658. We may infer from this comment that the court viewed the resignation as effective. The case, though, does not involve the effect of Article XVI, Section 17. *See also Leonard v. Speer*, 48 S.W.2d 474 (Tex.Civ.App.--Galveston 1932), *writ dism'd*, 56 S.W.2d 640 (1933) (resignation of sheriff after felony conviction created vacancy in office; Article XVI, Section 17 not discussed); Op. Tex. Atty. Gen. No. M-659 (1970) (resignation of county attorney effective, but he continued to hold over under Article XVI, Section 17).

The facts recited in Attorney General's opinion JC-0514 are reflective of another class of *quo warranto* cases similar to but distinct from the facts present before us, those involving officers who are disqualified but continue to claim their office.[6] Op. Tex. Atty. Gen. No. JC-0514 (2002).

Appellant generally acknowledges applicability of the holdover provisions of Article XVI, Section 17 of the Texas Constitution, but nonetheless contends that no live or justiciable controversy triable by *quo warranto* can exist following his resignation because the sole function of the *quo warranto* action is to test his claim to the office, a claim he abandoned by resigning. Appellant cites *Griffith v. State ex rel. Ainsworth*, 226 S.W. 423 (Tex.Civ.App.–El Paso 1920, no writ), for the proposition that a *quo warranto* action is moot

---

[6]Cases of this type include *Scolaro v. State ex rel. Jones*, 1 S.W.3d 749 (Tex.App.–Amarillo 1999, no pet.) (county court at law judge continued to claim office against assertions of disqualification); *Welch v. State ex rel. Long*, 880 S.W.2d 79 (Tex.App.–Tyler 1994, writ denied) (constable claiming office removed for prior felony conviction); *Diaz v. State*, 68 S.W.3d 680 (Tex.App.–El Paso 2000, pet. denied); *Ramirez v. State*, 973 S.W.2d 388 (Tex.App.--El Paso 1998, no pet.) (removal of city officials), and *Robinson v. State*, 28 S.W. 566 (Tex.Civ.App. 1894, no writ) (*quo warranto* proper to resolve claim to office of sheriff who failed to give bond).

-12-

and must be dismissed when the official "no longer holds office or claims a continued right to hold the office." We view *Griffith* more narrowly, finding that it held a *quo warranto* proceeding must be dismissed on expiration of a term of office. *Id.* It contained no discussion of the effect of resignation by an officer whose term had not expired, nor does it discuss the effect of Article XVI, Section 17. *Griffith* is not dispositive.

There are distinctions in the facts of this case and those involved in each of the cases and opinions discussed. The officials involved in the cited cases resigned for a variety of reasons, some personal, some related to their offices. Too, as noted, most of those cases involved officeholders who continued to be qualified to hold their offices at the time of their resignation, while appellant's resignation occurred after he became disqualified for, and statutorily forfeited, the office of constable. It is difficult to draw from the authorities we have reviewed a clear-cut rule to be applied here. Significantly, however, none of the authorities we have surveyed in which it is suggested that an officeholder's resignation would be effective despite Article XVI, Section 17 involve situations in which no successor is likely to be appointed. Appellant blames the Potter County commissioners court for that circumstance here, arguing that its failure to appoint a successor constable brings the holdover provision of Article XVI, Section 17 into play. He provides, though, no persuasive argument explaining how the commissioners' decision not to appoint a constable affects the application of the constitutional provision, or how the decision operates to deprive the district court of jurisdiction. We cannot read into the constitution an exception to Article XVI, Section 17 for instances in which the governmental body having responsibility for determining whether and when to fill a vacancy in office determines not to do so.

Moreover, to hold that Article XVI, Section 17 has no application here would be to sanction the very circumstance that provision of our constitution was designed to prohibit, a public officeholder's unilateral decision to vacate his office. We agree with the State that appellant's December 27, 2001, resignation was not effective to vacate his office. The parties maintained a legally cognizable interest in the completion of the procedure established by statute for termination of appellant's public service.

Further, the State's pleadings in the *quo warranto* action asked the trial court to impose a fine on appellant pursuant to section 66.003(3) of the Civil Practice and Remedies Code. In the later proceedings, appellant resisted the imposition of that fine, and still resists its imposition on appeal. The proceeding not having been rendered moot by appellant's resignation, the dispute over the levy of a fine also maintained the live controversy. We overrule appellant's first issue.

**Imposition of Fine**

Before addressing appellant's second issue, we consider his fourth issue, which concerns the trial court's imposition of a fine pursuant to section 66.003(3) of the Civil Practice and Remedies Code. Consideration of that issue necessitates reviewing the specific statutory grounds authorizing *quo warranto* proceedings in the factual and procedural history of this case.

As noted, section 66.001 of the Civil Practice and Remedies Code contains two grounds authorizing *quo warranto* proceedings relevant here. The first is applicable when "a person usurps, intrudes into, or unlawfully holds or executes a franchise or an office[.]"

The second is available when "a public officer does an act or allows an act that by law causes a forfeiture of his office." Tex. Civ. Prac. & Rem. Code Ann. § 66.001 (Vernon 1997). Section 66.003 authorizes the imposition of a fine, but only for usurping, intruding into, or unlawfully holding and executing the office, not for doing or allowing an act causing a forfeiture of the office. Tex. Civ. Prac. & Rem. Code Ann. § 66.003(3) (Vernon 1997).

The State's petition and information alleged appellant "forfeited the office of Constable for Precinct 3 of Potter County, Texas, but refuses to vacate that office. Accordingly the writ of *quo warranto* should be issued against [appellant.]" It characterized section 66.001(1) of the Civil Practice and Remedies Code as providing that *quo warranto* is available "if a person unlawfully holds or executes an office created by authority of the State of Texas," and that appellant "should be fined for usurping and/or unlawfully holding and executing the office of Constable[.]" The State thus proceeded against appellant on both a "usurping" claim under section 66.001(1), and a "forfeiture" claim under section 66.001(2).

Under the well-settled rules applicable to summary judgment, the summary judgment movant must demonstrate entitlement to judgment as a matter of law. Tex. R. Civ. P. 166a. A motion for summary judgment under Rule of Civil Procedure 166a(c) must state the specific grounds on which the movant contends it is entitled to judgment. *McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 339-41 (Tex. 1993). Here, the State's motion for summary judgment was based on appellant's failure to obtain a permanent peace officer's license and section 86.0021(b) of the Local Government Code. The State did not contend or point out evidence that appellant otherwise usurped the office.

-15-

The references in the motion to appellant's holding the office unlawfully were based on the statutory forfeiture.[7]

The evidence of appellant's forfeiture of office by failure to obtain a peace officer's license, standing alone, does not authorize the imposition of a fine. To hold that a forfeiture of office also supports a finding the officer has usurped or unlawfully holds the office would ignore the distinction made by the legislature when it authorized a fine for one but not the other. *See* Tex. Civ. Prac. & Rem. Code Ann. § 66.003(3) (Vernon 1997).

For purposes of our consideration of this issue we assume, without deciding, that usurping and unlawful holding of office are independent grounds for removal under section 66.001(1). "Usurpation" implies an intrusion, encroachment, seizure or assumption of office or authority, typically an office or authority that belongs to another. *See Black's Law Dictionary* 1545 (6th Ed. 1990). Here the undisputed facts show first, that appellant took office lawfully after an unchallenged election, and second, that no other person claimed the office. Neither the summary judgment motion, or evidence, support a conclusion that appellant was a "usurper" of the office of constable as that term is recognized in the law.

With regard to the State's position that appellant unlawfully held or executed the office, it fails to offer any basis for reconciling its argument that appellant continued to hold over in office after September 28, 2001, by virtue of Article XVI, Section 17, with its position that his occupation of the office after the same date was "unlawful." In this context, those

---

[7]For example, the State's motion alleged: "defendant's acts and omissions conclusively demonstrate that [he] has, by law, forfeited but continued to unlawfully hold the office of constable[.]"

-16-

positions are mutually exclusive. If Article XVI, Section 17 of the state constitution required appellant to continue to perform the duties of the office of constable regardless of the forfeiture of his office, *see* Op. Tex. Atty. Gen. No. JC-0514 (2002), or his resignation, *see* Op. Tex. Atty. Gen. No. DM-493 (1998), then his mere continued occupation of the office or execution of its duties was not "unlawful" for purposes of section 66.003. Appellant was not accused of actions constituting the unlawful execution of the office. The State's motion for summary judgment alleged only that he continued to accept compensation after forfeiting the office and that he failed to perform the duties of constable.

We hold neither the State's motion for summary judgment or the summary judgment evidence supports a judgment for the imposition of a fine on the basis that appellant was a usurper of the office of constable or that he held or executed that office unlawfully. Because a court's authority to impose a fine in a *quo warranto* proceeding is limited to instances when the official usurps, intrudes into or unlawfully holds and executes an office, the trial court's imposition of a fine in this case was not authorized and must be reversed. *See Shields v. State*, 936 S.W.2d 711, 712 (Tex.App.--Austin 1996, no writ) (*quo warranto* judgments limited to remedies authorized by statute); Tex. Civ. Prac. & Rem. Code Ann. § 66.003(3) (Vernon 1997). We sustain appellant's fourth issue to that extent. This disposition resolves appellant's third issue challenging the imposition of a fine. It also resolves appellant's fifth issue to the degree he contends the fine was an improper judgment for damages.

**Right to Jury Trial**

Appellant's second issue assigns error to his removal without a trial by jury. He relies on Article V, Section 24 of the Texas Constitution, which provides, in relevant part:

> [C]onstables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury.

He argues this provision precludes resolution of this proceeding by summary judgment. Appellant does not, however, point out any fact issue present in the case that would require impaneling a jury on the question of his removal from office. In the absence of a controverted issue of fact, a litigant cannot properly say that the grant of summary judgment deprived him of his constitutional right to a jury trial. *Wyche v. Works*, 373 S.W.2d 558, 561 (Tex.Civ.App.–Dallas 1963, writ ref'd n.r.e.); *see Ramirez v. Flores*, 505 S.W.2d 406, 414 (Tex.Civ.App.–San Antonio 1973, writ ref'd n.r.e.). We overrule appellant's second issue.

## Declaration of Vacancy

Appellant's fifth issue assigns error to that part of the trial court's judgment declaring the office of constable vacant, arguing that declaration exceeded the scope of a permissible judgment in a *quo warranto* proceeding. We disagree the recitation in the judgment was an improper declaratory judgment, finding it merely in explication of the order removing appellant from office. We overrule appellant's fifth issue.

## Conclusion

-18-

Our disposition of appellant's fourth issue requires reversal of that part of the trial court's judgment imposing a fine. When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court reviews the summary judgment evidence of both parties, determines all questions presented, and renders the judgment that the trial court should have rendered. *See Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex. 1999). In so doing, though, the appellate court still must adhere to the rules that each movant must carry its own burden to establish its right to judgment, *Miller & Freeman Ford, Inc. v. Greater Houston Bank*, 544 S.W.2d 925, 926 (Tex. 1976); *Russell v. Panhandle Producing Co.*, 975 S.W.2d 702, 708 (Tex.App.– Amarillo 1998, no pet.), and that summary judgment may not be rendered for a party on a ground not encompassed within its motion in the trial court. *McConnell*, 858 S.W.2d at 341. Here the only ground on which appellant moved for summary judgment was mootness. In addressing appellant's first issue we concluded the matter was not moot. Consequently, the trial court did not err in denying appellant's motion for summary judgment. Although we have found that the evidence in the summary judgment record does not support imposition of a fine, we may not render judgment for appellant on that issue. Therefore, we sever the

issue concerning imposition of a fine and remand it to the trial court. We affirm the remainder of the trial court's judgment.

James T. Campbell
Justice

-19-