In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00142-CV
______________________________


EDWARD B. LYON, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 05C1227-102


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Edward B. Lyon, Jr., appeals from an order denying his application for a writ of
audita querela and quo warranto. In his application, Lyon attempted to have the trial court,
based on newly discovered evidence, revisit his 1988 conviction.


 Lyon based his claim
on his contention that the judge who presided at his criminal trial was disqualified because
the judge was too closely related to the murder victim. 
          The remedy of audita querela is, according to Black's Law Dictionary, a "writ
available to a judgment debtor who seeks a rehearing of a matter on grounds of newly
discovered evidence or newly existing legal defenses." Black's Law Dictionary 141 (8th
ed. 2004); see State v. Vasquez, 889 S.W.2d 588 (Tex. App.—Houston [14th Dist.] 1994,
no pet.). Although the antique remedy was formally abolished in the civil federal system,
see Fed. R. Civ. P. 60(b), no such formal action has been taken in Texas. 
          However, the remedy has been cited only twice in reported Texas opinions. In both
cases, a criminal defendant was attempting to set up a collateral attack on a criminal
conviction. In McBride v. State, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.),
the court addressed the matter head-on. The court concluded that, under Texas law, the
sole method for raising a post-conviction attack on a conviction was through an application
for writ of habeas corpus, returnable to the Texas Court of Criminal Appeals.


 
          In Vasquez, the Houston court concluded the petitioner was not entitled to relief
without deciding whether such use of the writ was proper. 889 S.W.2d at 590–91.
          We find the reasoning set out in McBride to be persuasive. The statutory language
of the Article 11.07 writ was designed to limit collateral attacks on convictions to habeas
proceedings. For this reason, the trial court properly dismissed Lyon's audita querela
application.
          Lyon also sought application of the writ of quo warranto, to challenge the authority
of a duly elected district judge.


 Lyon argues he should be relieved from imprisonment
because it was entered by a district judge who is "constitutionally and lawfully by statute
DISQUALIFIED to have presided in this case." The nature of this writ is to inquire into the
authority by which a public office is held or a franchise is claimed. See Black's Law
Dictionary 1285 (8th ed. 2004). A writ of quo warranto is an ancient common-law writ that
gave the king an action against a person who claimed or usurped any office, franchise, or
liberty, to inquire by what authority that person supported the claim to hold office. See
Bexar Metro. Water Dist. v. City of Bulverde, 156 S.W.3d 79, 86 (Tex. App.—Austin 2004,
pet. denied); State ex rel. City of Colleyville v. City of Hurst, 519 S.W.2d 698, 700 (Tex.
Civ. App.—Fort Worth 1975, writ ref'd n.r.e.). 
          In the modern context, quo warranto proceedings are governed by statute. Under
Section 66.002(a) of the Civil Practice and Remedies Code, only the "attorney general or
the county or district attorney of the proper county" may bring an action in the nature of quo
warranto. Tex. Civ. Prac. & Rem. Code Ann. § 66.002(a) (Vernon 1997); see Wilson v.
State, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998). As such, quo warranto actions are
described as "those through which the State acts to protect itself and the good of the public
generally." Fuller Springs v. State ex rel. City of Lufkin, 513 S.W.2d 17, 19 (Tex. 1974);
Crawford v. State, 153 S.W.3d 497, 501 (Tex. App.—Amarillo 2004, no pet.). Thus, the
State may use a quo warranto action to challenge the authority to engage in certain
practices specifically enumerated by statute. See Tex. Civ. Prac. & Rem. Code Ann. §
66.001 (Vernon 1997).


 
          Because of the specific nature of the action and the statutory limitation specifying
that only the State may utilize the action to protect itself and its citizens, the remedy is not
available for use by Lyon. 
          We affirm the order of dismissal.



                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      February 21, 2006
Date Decided:         February 22, 2006