THOMPSON, Judge.
This is an appeal from an injunction.
On April 2, 1997, the members and trustees of North Creek Baptist' Church filed a complaint against C.O. Watchous, seeking damages and an injunction. The church alleged that Watchous was constructing a house on the church’s property and had irreparably damaged the property; the church sought damages for injury to the property and an injunction to prevent the construction of the house. Watchous disputed the church’s claim to the property. The trial court conducted a -hearing, on the church’s motion for a preliminary injunction on April 8, 1997. On April 14, 1997, the court granted the church’s request for a preliminary injunction, reserving its determination regarding the ownership of the property until the final hearing on the merits of the case. Watchous appealed the April 14 order to the Supreme Court of Alabama, which transferred the appeal to this .court, pursuant to § 12-2-7, Ala. Code 1975.
Initially, we note that the preliminary injunction from which Watchous appeals is not a final judgment; nonfinal orders or judgments usually will not support an appeal. See Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978). However, this order is appealable. See Davis v. Hester, 582 So.2d 538 (Ala.1991); Benetton Services v. Benedot, Inc., 551 So.2d 295 (Ala.1989).
. Appeals from interlocutory orders, such as the preliminary injunction in this case, must be filed within 14 days of the date of entry of the order. Rule 4(a)(1), Ala. R.App. P. The trial court entered its order granting the preliminary injunction on April 14, 1997. Watchous filed his notice of appeal 38 days later, on May 22, 1997. Thus, the appeal is untimely and is due to be dismissed. Rule 4(a)(1), Ala. R.App. P.; Speigner v. Wallace, 366 So.2d 1120 (Ala.1979).
*1260 While we acknowledge that Watc-hous is a pro se litigant, it is well settled that “the operation of the courts of this state is governed by rules which are no more forgiving to a pro se litigant than to one represented by counsel.” Black v. Allen, 587 So.2d 349, 349 (Ala.Civ.App.1991). In his brief,[1] Watchous states that he did not receive notice by mail of the entry of the April 14,1997, order. However, a party, even when acting pro se, is responsible for keeping track of the status of his case. Bowman v. Pat’s Auto Parts, 504 So.2d 736 (Ala.Civ.App.1987).
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.

. We note that Watchous's brief fails to meet the requirements of Rule 28, Ala. R.App. P. The brief does not contain a table of contents, a statement of the case or the issues presented, or a cognizable argument that applies case law to the facts of this case. See Rule 28(a), Ala. R.App. P.