THOMPSON, Judge.
In November 1997, Farmer’s Co-Op of Ashford, Inc., obtained a judgment against Stevie Hatcher in the amount of $48,794. On September 9, 1998, Farmer’s Co-Op sued Stevie Hatcher and Mary J. Hatcher. The first count of the complaint made a claim against both Stevie and Mary; it *1099 alleged that Stevie had transferred his interest in a house to Mary in an effort to prevent Farmer’s Co-Op from collecting on its judgment against Stevie and thereby to defraud it. The second count alleged that Stevie had established a “dummy” or “shell” corporation with the intent to defraud Farmer’s Co-Op by preventing garnishment. Farmer’s Co-Op sought damages on both counts.
Farmer’s Co-Op filed a motion for a summary judgment as to both counts of its complaint. The trial court conducted a hearing on that motion. On February 11, 1999, the trial court entered an order that it called a summary judgment, holding that Stevie and Mary had attempted a fraudulent conveyance in order to avoid Farmer’s Co-Op’s judgment against Stevie; that order assessed damages in the amount of $1,500 against Stevie. At some point before the court entered that order, Mary had conveyed Stevie’s interest in the house back to him. Farmer’s Co-Op appealed from the February 11,1999, order.
Nothing in the trial court’s order indicates that the court considered or ruled on the second count of the complaint. The trial court’s February 11, 1999, order did not adjudicate all of the claims; therefore, that order was not final, and the court did not make it final pursuant to Rule 54(b), Ala. R. Civ. P. A nonfinal judgment will not support an appeal. Watchous v. North Creek Baptist Church, 706 So.2d 1259 (Ala.Civ.App.1997) (citing Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978)).
We note that, even if the trial court’s order were a final adjudication of all claims, the record on appeal would not be sufficient to enable this court to review the issues raised in the appellant’s brief. The record does not contain a statement of the evidence made pursuant to Rule 10(d), Ala. R.App. P. In its brief on appeal, Farmer’s Co-Op offers what it argues is a Rule 10(d) statement of the evidence. However, that statement was not filed with the trial court and it is not contained in the record on appeal.
Because the trial court’s order was not a final judgment, this appeal is due to be dismissed.
DISMISSED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result.