Basil Timothy Case appeals the circuit court's dismissal on the basis of lack of jurisdiction of his petition against the Alabama State Bar seeking declaratory and injunctive relief. We dismiss his appeal.
On September 27, 2004, the Alabama State Bar petitioned the Disciplinary Commission of the Alabama State Bar to enter an order temporarily suspending Case's right to practice law based on 10 pending complaints against him and on his history of disciplinary proceedings with the Bar. On the same day, the Disciplinary Commission granted the State Bar's petition and entered an order temporarily suspending Case's right to practice law. Case learned about the suspension when the General Counsel of the State Bar faxed him a copy of the order. Case immediately petitioned the Disciplinary Commission to dissolve the order of interim suspension; the Disciplinary Commission denied Case's petition. The day after the Disciplinary Commission entered its order, the Lauderdale Circuit Court appointed a trustee to inventory Case's files, to manage his trust accounts and fiduciary accounts, and to protect the interests of his clients.
On April 8, 2005, now represented by counsel, Case petitioned the Disciplinary Board of the State Bar to dissolve or terminate his interim suspension. On April 18, 2005, the Disciplinary Board held a hearing. At the hearing, the Bar sought to introduce evidence concerning additional complaints it said it had received against Case after the September 27, 2004, order temporarily suspending Case from the practice of law. The hearing officer continued the hearing to determine the admissibility of the evidence of the additional complaints. On April 26, 2005, the hearing officer entered an order limiting the scope of evidence to only those complaints that were the basis of the September 27, 2004, petition for interim suspension. On the same day, the State Bar petitioned the Disciplinary Commission, pursuant to Rule 20(a), Ala. R. Disc. P., for an order temporarily suspending Case from the practice of law based on the additional complaints it had received against Case after September 27, 2004. On April 27, 2005, the Disciplinary *Page 883 
Commission granted the State Bar's petition and entered another order temporarily suspending Case from the practice of law. The State Bar also moved the Disciplinary Board to "dismiss or dissolve" the September 27, 2004, order of interim suspension. The Disciplinary Board granted the State Bar's motion and dissolved the order of interim suspension the Disciplinary Commission had entered on September 27, 2004.
On May 6, 2005, Case petitioned the Montgomery Circuit Court, seeking declaratory and injunctive relief from the order of interim suspension. Judge Charles Price issued a temporary restraining order ("TRO") that essentially prohibited the State Bar from proceeding with any disciplinary action against Case while the TRO was effective. On May 10, 2005, the State Bar petitioned this Court for a writ of mandamus directing Judge Price to vacate the TRO, arguing that the circuit court lacked jurisdiction to interfere in the disciplinary process. On May 16, 2005, the TRO expired as a matter of law. On June 3, 2005, Judge Truman M. Hobbs, Jr., to whom the case was assigned, dismissed Case's petition for declaratory and injunctive relief, finding that the court lacked jurisdiction to hear matters involving lawyer discipline. The State Bar then moved this Court to dismiss its mandamus petition because the circuit court's decision removed the basis for the State Bar's mandamus petition; on June 8, 2005, this Court, by an unpublished order, granted the State Bar's motion to dismiss.
Case appealed the circuit court's dismissal of his petition for declaratory and injunctive relief to this Court, arguing that the circuit court had jurisdiction to hear his case. While his appeal was pending, Case also petitioned this Court for a writ of mandamus directing the State Bar to set aside its April 27, 2005, order of interim suspension pending further orders of this Court, or, alternatively, to dissolve the order of interim suspension, under our supervisory jurisdiction over proceedings before the State Bar. We held that the ex parte interim suspension pursuant to Rule 20(a), Ala. R. Disc. P., had deprived Case of due process; we therefore granted Case's mandamus petition and directed the Disciplinary Board to dissolve the April 27, 2005, order against Case.[1] Ex parte Case, 925 So.2d 956, 964
(Ala. 2005).
On October 14, 2005, when we decided Case's mandamus petition, the briefing of Case's appeal had not been completed. Case submitted his reply brief in his appeal on October 18, 2005. In his reply brief, Case admits that our decision on his mandamus petition
 "mooted most, but not all constitutional issues in dispute between these parties. The [State] Bar's public notice to Case, via the Florence Times Daily, in response to this Court's four day old decision, makes it clear that it now intends to `pursue 53 complaints against Case and seek to have him resuspended.' (Florence Times Daily, October 15, 2005.) It also makes it clear that this appeal is not moot. In this appeal, this Court is invited to determine the jurisdiction of the Montgomery County Circuit Court to hear and determine Case's remaining constitutional claims against the [State] Bar."
Case's reply brief, p. 1.
Because our decision in Ex parte Case appeared to have mooted all of the issues that Case argues on his appeal, we ordered Case to show cause why this appeal should *Page 884 
not be dismissed as moot. In response to our show-cause order, Case states:
 "This action is not moot. The Alabama State Bar has had no contact with [Case] or his counsel since oral argument [in Ex parte Case ], at which time it represented to this court and to him that it planned to prosecute numerous cases against him. . . .
 ". . . .
 "Without a clarification and determination of the jurisdictional questions before this Court [on appeal] — questions not decided by this Court [in the mandamus proceeding] — [Case] will be forced to seek mandamus review in this Court, rather than an initial review by the Circuit Court for Montgomery County, if the [State] Bar makes good on its threats made at oral argument in [Ex parte Case]."
(Emphasis added.)
Case's appeal is from the circuit court's dismissal of his petition for declaratory and injunctive relief from the Disciplinary Commission's April 27, 2005, order temporarily suspending him from the practice of law. He does not point to any specific claim in that petition that was not mooted by our decision in Ex parte Case. Our resolution of Exparte Case, which ordered the Disciplinary Board to dissolve the April 27, 2005, order, effectively resolved the controversy that is the basis of this appeal. Therefore, Case's appeal is moot.
"A moot case or question is a case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, or involve conflicting rights so far as plaintiff is concerned." American Fed'n of State, County Mun. Employees v. Dawkins, 268 Ala. 13, 18,104 So.2d 827, 830-31 (1958). An action that originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised in it have become moot by subsequent acts or events. See Employees of Montgomery CountySheriffs Dep't v. Marshall, 893 So.2d 326, 330 (Ala. 2004) ("This Court will dismiss an appeal from the denial of an injunction when an event occurring after the denial of the injunction renders the appeal moot.").
In his reply brief, Case invites this Court to "determine that the Circuit Court for Montgomery County is a far better qualified and more judicious forum for original jurisdiction over these constitutional questions than is the Bar itself." Case's reply brief, p. 6. Thus, Case asks the Court to determine whether he may take the Disciplinary Commission's decision to the circuit court if the State Bar prosecutes and if the Disciplinary Commission rules against him. Case argues that his appeal is not moot because "there remains an issue underpinned by the Bar's unknown prosecutorial intentions and the jurisdiction of the Montgomery County Circuit Court to review its misconduct, which prevents this appeal from being moot."
Case is substantially arguing that, even though the claims he asserted in his petition for declaratory and injunctive relief are moot, the State Bar has indicated that it may prosecute complaints against him in the future, and he would like to know where to take an adverse decision on such a prosecution. Whether the State Bar prosecutes Case and, if it does, whether the Disciplinary Commission rules against him are matters that may or may not occur at some time in the future. Matters that may or may not occur in the future are not matters in controversy. See Baldwin County v. PalmtreePenthouses, Ltd., 831 So.2d 603, 605 (Ala. 2002) ("Matters *Page 885 
that may or may not occur in the future do not present an existing controversy to a plaintiff. . . . Therefore, a plaintiff fails to invoke the jurisdiction of a court by alleging facts that merely anticipate a possible controversy in the future.").
Furthermore, because the facts necessary to create an actual controversy have not materialized, that is, the State Bar has not prosecuted Case for additional complaints and the Disciplinary Commission has not ruled against Case, Case is essentially asking this Court to render an advisory opinion. "It is well settled that the judiciary of Alabama is not empowered `"to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases."'" Ex parte Connors, 855 So.2d 486, 488
(Ala. 2003) (quoting Stamps v. Jefferson County Bd. ofEduc, 642 So.2d 941, 944 (Ala. 1994)). See also Smithv. Alabama Dry Dock Shipbuilding Co., 293 Ala. 644,651, 309 So.2d 424, 429 (1975) ("It has long been the law of this State that courts will not decide moot, abstract or hypothetical questions or render purely advisory opinions.").[2]
The claims Case presented to the circuit court in his petition for declaratory and injunctive relief are moot; his argument that this Court should nonetheless decide whether the circuit court will have jurisdiction in a case that may or may not be brought against him by the State Bar in the future is a request for an impermissible advisory opinion. Accordingly, we dismiss Case's appeal.
APPEAL DISMISSED.
NABERS, C.J., and LYONS, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] We also, by separate order issued on the day we released our opinion in Ex parte Case, amended Rule 20(a) and Rule 20(d) of the Alabama Rules of Disciplinary Procedure.
[2] The only exception to this rule is that this Court is authorized by statute in limited circumstances to issue advisory opinions in response to a request from the governor or the legislature. See § 12-2-10, Ala. Code 1975 ("The Governor, by a request in writing, or either house of the Legislature, by a resolution of such house, may obtain a written opinion of the justices of the Supreme Court of Alabama or a majority thereof on important constitutional questions.").