DONALDSON, Judge.
K.L.R. appeals the judgment entered by the Mobile Juvenile Court (“the juvenile court”) dismissing a dependency action that had been filed regarding her child, J.E.R. (“the child”). The only issues that K.L.R. raises pertain to interlocutory orders that were dissolved upon the dismissal of the action and are no longer enforceable. Accordingly, we dismiss the appeal as moot.

Facts and Procedural History

The child was born on May 28, 2015. When K.L.R. was pregnant with the child, she and the child’s biological father, G.V.P., had signed prebirth-consent forms agreeing to the adoption of the child. K.G.S. was the prospective adoptive parent. After the child was born, KL.R. kept the child after leaving the hospital.
On June 16, 2015, K.G.S. filed a petition in the juvenile court alleging that the child was dependent. K.G.S. alleged that she *1202 had filed a petition to adopt the child in the Mobile Probate Court (“the probate court”), that K.L.R. and G.V.P. had consented in writing to the adoption of the child, and that their consents had not been revoked. K.G.S. further alleged that the child was living with K.L.R. and that “[u]pon ■ all information and belief [the child] is not in a fit environment and [K.L.R.] has mental issues that could possibly place the child in danger.” K.G.S. requested emergency custody of the child. On the same day, the juvenile court granted KG.S.’s request for a pickup order and ordered the immediate transfer of custody of the child to K.G.S.
On June 19, 2015, the juvenile court conducted a hearing. K.G.S., K.L.R., G.V.P., and a' guardian at litem representing the child were present. Counsel for K.G.S. argued that the child was dependent as a result of the consents to adoption signed by K.L.R. and G.V.P. and that any attempts by K.L.R. to withdraw her consent were not properly conducted as required by the Alabama Adoption Code. Counsel for K.L.R. argued that the child was not dependent because K.L.R. was properly caring for the child before the entry of the pickup order and that any issues regarding KL.R.’s consent to the adoption and her attempts to withdraw the consent should be presented to the probate court. Counsel for K.L.R. asserted that the probate court had not yet entered an order regarding custody of the child and that K.L.R. would contest the adoption in the probate court. None of the discussions involved the allegations in the petition that the child had been living in an unfit environment before the entry of the pickup order.
On June 22, 2015, the juvenile court entered an order leaving custody of the child with K.G.S. The juvenile court stated that it interpreted KL.R.’s execution of the prebirth consent to the adoption of the child as a forfeiture of her rights to the child unless the probate court determined that her consent had been withdrawn. The case was set for a review hearing for July 8, 2015.
On June 25, 2015, K.G.S. submitted to the juvenile court an interlocutory order from the probate court that conferred responsibility for the maintenance and support of the child to K.G.S. On June 29, 2015, the juvenile court entered an order noting that the probate-court order had been placed in the record and stating that, unless a party requested otherwise, it would dismiss all proceedings on the date set for review of the case.
On July 8, 2016, the juvenile court entered an order dismissing K.G.S.’s petition, finding:
“Subsequent to the June 19th hearing, the court received a copy of the interlocutory decree from the Probate Court of Mobile County dated June 19, 2015. On this basis, the court does find that jurisdiction over any issues pertaining to the custody of the child now lives within the Probate Court. Pursuant to the order of this court dated June 19, 2015, the court finds that no party needed to have appeared today as the child is not now dependent and therefore this court lacks further jurisdiction over the child.”
No postjudgment motions were filed. K.L.R. filed a notice of appeal to this court within 14 days of the dismissal of the case.

Discussion

K.L.R. argues that the juvenile court exceeded its discretion and lacked subject-matter jurisdiction to enter the June 16, 2015, and June 22, 2015, orders. Those orders were interlocutory and not final, and we note that “[a] petition for a writ of mandamus is an appropriate remedy for challenging an interlocutory order.” *1203 Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala.2008). K.L.R. did not file a petition for the writ of mandamus seeking to overturn those orders, and her arguments in this appeal pertain only to the interlocutory orders entered before the juvenile court dismissed the action for lack of subject-matter jurisdiction. “As a general rule, interlocutory orders become unenforceable upon a final judgment of dismissal.” Ex parte W.L.K., 175 So.3d 652, 661 (Ala.Civ.App.2015) (citing Maddox v. Maddox, 276 Ala. 197, 199, 160 So.2d 481, 483 (1964) (discussing Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1927))). Generally, the dismissal of an action operates to annul previously entered orders, rulings, or judgments. See Ex parte Sealy, L.L.C., 904 So.2d 1230, 1236 (Ala.2004) (quoting 27 C.J.S. Dismissal and Nonsuit § 39 (1959)) (holding that a voluntary dismissal renders the proceedings a nullity and “ ‘carries down with it previous proceedings and orders in the action’ ”); McNairy v. McNairy, 416 So.2d 735, 736 (Ala.1982) (“The motion to dismiss was granted by the circuit court, which also held for naught all prior orders of the probate court.”). See also 24 Am.Jur.2d Dismissal § 89 (2008).
“ ‘ “A moot case or question is a case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, or involve conflicting rights so far as plaintiff is concerned.” ’ Case v. Alabama State Bar, 939 So.2d 881, 884 (Ala. 2006) (quoting American Fed’n of State, County & Mun. Employees v. Dawkins, 268 Ala. 13, 18, 104 So.2d 827, 830-31 (1958)). ‘The test for mootness is commonly stated as whether the court’s action on the merits would affect the rights of the parties.’ Crawford v. State, 153 S.W.3d 497, 501 (Tex.App. 2004) (citing VE Corp. v, Ernst & Young, 860 S.W.2d 83, 84 (Tex.1993)). ‘A case becomes moot if at any stage there ceases to be an actual controversy between the parties.’ Id. (emphasis added) (citing National Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999)).
.. ‘A moot case lacks justiciability.’ Crawford, 153 S.W.3d at 501. Thus, ‘[a]n action that originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised in it have become moot by subsequent acts or events.’ Case, 939 So.2d at 884 (citing Employees of Montgomery County Sheriff's Dep’t v. Marshall, 893 So.2d 326, 330 (Ala.2004)).”
Chapman v. Gooden, 974 So.2d 972, 983-84 (Ala.2007).
The order of the juvenile court dismissing the action for lack of subject-matter jurisdiction dissolved the orders that are the subject of this appeal. Therefore, the issues raised in the appeal are moot, and the appeal must be dismissed. We express no opinion regarding the correctness of the pleadings and proceedings, in the juvenile court.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.