DONALDSON, Judge.
J.L. (“the foster mother”) appeals from the final judgment of the Cullman Juvenile Court (“the juvenile court”) dismissing her dependency petition seeking custody of J.D.A. (“the child”) because the child was no longer dependent. On appeal, the foster mother does not challenge the juvenile *1137 court’s judgment of dismissal; instead, she challenges an earlier interlocutory order entered by the juvenile court that granted a motion to vacate a previous judgment filed by G.N. (“the father”). Because that interlocutory order was “dissolved upon the dismissal of the action and [is] no longer enforceable,” we dismiss the appeal as moot. K.L.R. v. K.G.S., 201 So.3d 1200, 1201 (Ala.Civ.App.2016).
On November 10, 2008, the foster mother filed in the juvenile court a dependency petition seeking custody of the child. The juvenile-court clerk docketed the case as case no. JU-08-458.01 (“the .01 case”). On May 27, 2010, the juvenile court entered a summary judgment in the .01 case vesting the foster mother with legal and physical custody of the child.
On June 18, 2010, S.A. (“the mother”) filed a petition for custody, which initiated case no. JU-08-458.03 (“the .03 case”).[1] On February 18, 2011, the father filed a “Motion for hearing under Alabama Rule 60(b)(1)” in the .03 case. In his motion, the father asserted that the juvenile court had entered the May 27, 2010, custody order in the .01 case without any notice to the father or a hearing. On February 23, 2011, the juvenile court entered an order in the .03 case in which it denied the father’s motion on the basis that the motion had been filed more than four months after the entry of the judgment to which it was directed.
On March 31, 2011, it appears that the father attempted to file a petition for custody in case no. JU-08-A58.04 (“the .04 case”). That petition was date-stamped by the clerk on March 31, 2011. However, the petition is not referenced in the case action summary for either the .01 case or the .03 case. According to the case action summary in the .04 case, the .04 case was not initiated until August 24, 2015. That case appears to have been initiated by the father’s petition for custody that he attempted to file in 2011.
On November 2, 2011, the father filed in the .03 case a verified motion to modify the May 27, 2010, custody order. On January 13, 2012, the juvenile court entered a temporary order granting the father visitation based on the parties’ agreement. Between 2012 and 2013, the father’s visitation rights with the child were eventually increased. On April 16, 2013, the father filed in the .03 case an amended motion to modify the May 27, 2010, custody order. It does not appear that the juvenile court ruled on the father’s motions.
On August 24, 2015, the father filed in the .03 case a “Motion to Vacate,” in which he requested that the juvenile court vacate the May 27, 2010, custody order entered in the .01 case.[2] In his motion to vacate, the father argued that he had never been notified of a custody hearing and that neither the May 27, 2010, custody order nor the record indicated that the father had been served with notice of a custody hearing or that he was present at such a hearing.[3] On August 26, 2015, after a hearing at which the juvenile court heard only the arguments of counsel, the juvenile court entered an order in both the .03 case and the .04 case setting aside as void the May *1138 27, 2010, custody order entered in the .01 case. The juvenile court found that “the father did not get served and was not present at the hearing and the father’s visitation was not specified.” The juvenile court further found that it was in the child’s best interests to remain in the custody of the foster mother pending a hearing on that matter.
On August 28, 2015, the father filed a motion to dismiss the foster mother’s dependency petition seeking custody of the child that had been filed in the .01 case on November 10, 2008. The father filed that motion in the .01 case and in the .03 case.
On September 10, 2015, the foster mother filed a petition for a writ of mandamus in this court directed to the juvenile court’s order of August 26, 2015; the mandamus proceeding was docketed as case no. 2141011. In her mandamus petition, the foster mother argued that the juvenile court should not have set aside the May 27, 2010, custody order. On September 15, 2015, this court dismissed the foster mother’s mandamus petition, without an opinion, because the foster mother had failed to comply with the procedural requirements of Rule 21, Ala. R.App. P. Ex parte J.M.L. (No. 2141011, Sept. 15, 2015), _ So.3d _ (Ala.Civ.App.2015)(table).
On December 3, 2015, the foster mother filed a motion in the .01, the .03, and the .04 cases seeking to transfer the proceedings to the Cullman Circuit Court (“the circuit court”) because, she asserted, the child was no longer dependent and the juvenile court therefore lacked subject-matter jurisdiction.
On December 3, 2015, the juvenile court held a hearing at which all parties stipulated that the child was no longer dependent. After that hearing, the juvenile court entered the following order in the .01, the .03, and the .04 cases:
“This matter is before the Court on the petitions for custody of the foster mother, [J.L.] ...
“The foster mother filed this morning a Motion to Transfer to Circuit Court alleging the Juvenile Court no longer has subject matter jurisdiction of these petitions as the child is no longer dependent. After a brief hearing wherein all parties agreed the child is no longer dependent the Court hereby rules as follows:
“1. The Petition for Custody is Dismissed, costs taxed as paid.
“2. Custody of the minor child shall be dealt with in CS 2009-193 in the District Court of Cullman County, Alabama.
“3. All other pending motions are moot.”
On December 4, 2015, the juvenile court entered an order in all three cases purporting to deny the foster mother’s motion to transfer the cases to the circuit court. On December 16, 2015, the foster mother filed a timely notice of appeal in all three cases. Only the foster mother has filed an appellate brief.
On appeal, the foster mother argues that the juvenile court erred in entering the August 26, 2015, order that set aside the May 27, 2010, custody order. She does not challenge the final judgment dismissing her dependency petition seeking custody of the child or the order purporting to deny her motion to transfer the cases to the circuit court, and, therefore, we do not address their propriety.
The trial court’s August 26, 2015, order, which granted the father’s “motion to vacate” filed on August 24, 2015, was interlocutory and not final. “Generally, an appeal cannot be taken from an order setting aside a judgment or order pursuant to Rule 60(b), Ala. R. Civ. P., because further *1139 proceedings are contemplated by the trial court, and, therefore, the judgment or order is considered interlocutory. See Tuscaloosa Chevrolet, Inc. v. Guyton, 41 So.3d 95, 99 (Ala.Civ.App.2009).” Total Fire Prot., Inc. v. Jean, 160 So.3d 795, 797 n. 1 (Ala.Civ.App.2014). “A petition for a writ of mandamus is an appropriate remedy for challenging an interlocutory order.” Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala.2008). Although the foster mother filed a petition for a writ of mandamus directed to the August 26, 2015, order, that petition was dismissed.
Thereafter, the juvenile court dismissed the cases after all parties stipulated at the December 3, 2015, hearing that the child was no longer dependent. “When a juvenile court determines that a child is not dependent, the juvenile court ‘lack[s] jurisdiction to enter a judgment affecting the custody of the child.’ ” J.A. v. C.M., 93 So.3d 953, 955 (Ala.Civ.App.2012) (quoting L.R.J. v. C.F., 75 So.3d 685, 687 (Ala.Civ.App.2011)). “If a juvenile court determines that the child is not dependent, the court must dismiss the dependency petition.” K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala.Civ.App.2010).
The foster mother’s arguments in this appeal pertain only to the August 26, 2015, interlocutory order entered before the juvenile court’s dismissal of the actions for lack of subject-matter jurisdiction.
“ ‘As a general rule, interlocutory orders become unenforceable upon a final judgment of dismissal.’ Ex parte W.L.K., 175 So.3d 652, 661 (Ala.Civ.App.2015) (citing Maddox v. Maddox, 276 Ala. 197, 199, 160 So.2d 481, 483 (1964) (discussing Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1927))). Generally, the dismissal of an action operates to annul previously entered orders, rulings, or judgments. See Ex parte Sealy, L.L.C., 904 So.2d 1230, 1236 (Ala.2004) (quoting 27 C.J.S. Dismissal and Nonsuit § 39 (1959)) (holding that a voluntary dismissal renders the proceedings a nullity and ‘ “carries down with it previous proceedings and orders in the action” ’); McNairy v. McNairy, 416 So.2d 735, 736 (Ala.1982) (‘The motion to dismiss was granted by the circuit court, which also held for naught all prior orders of the probate court.’). See also 24 Am.Jur.2d Dismissal § 89(2008).”
K.L.R., 201 So.3d at 1203. Furthermore, “[a]n action that originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised in it have become moot by subsequent acts or events.” Case v. Alabama State Bar, 939 So.2d 881, 884 (Ala.2006)(citing Employees of Montgomery Cty. Sheriff's Dep’t v. Marshall, 893 So.2d 326, 330 (Ala.2004)).
The judgment of dismissal entered by the juvenile court for lack of subject-matter jurisdiction dissolved the August 26, 2015, interlocutory order, thus rendering the issues raised by the foster mother on appeal moot. Therefore, the appeal is dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., recuses herself.

. There is no indication from the record as to whether there was ever an ".02” case.

. We have construed the father's motion to vacate as a Rule 60(b) motion.

. The record indicates that there was no ‘‘final” custody hearing in the .01 case and that the May 27, 2010, custody order was entered after the mother and the father were given an opportunity and failed to file appropriate petitions regarding the child’s custody and after the foster mother had filed a motion for a summary judgment.