THOMPSON, Presiding Judge.
Cherry Grace Sims ("the mother") and Sharon K. Doviet filed a petition for a writ of mandamus regarding a May 19, 2017, order of the Madison Circuit Court ("the trial court").
The materials submitted in support of the petition for a writ of mandamus indicate the following facts and procedural history. The mother was divorced in 2012 from Douglas Lawrence Sims ("the father"). Two children were born of the parties' marriage, and, as a result of the 2012 divorce judgment, the mother and the father shared joint legal and joint physical custody of the children. At the time of the entry of the order that is the subject of this mandamus petition, the two children, who are twins, were 10 years old.
On August 29, 2016, the mother filed a petition to modify custody of the parties' children in which she sought an award of sole physical custody of the children. In September 2016, the father answered and counterclaimed, also seeking an award of sole physical custody of the parties' children.
On January 12, 2017, the mother filed a motion for the appointment of a guardian ad litem to represent the children. In that motion, the mother alleged that the children were being treated by a psychologist. She argued that the children's records of treatment with the psychologist are privileged and that the children lack the authority to waive that privilege because they are minors. The mother sought the appointment of a guardian ad litem for the purpose of determining whether the children could or should waive that privilege. On that same day, January 12, 2017, the trial court entered an order in which it granted the mother's motion and appointed Doviet to serve as the children's guardian ad litem. The trial court also ordered the parties to share in the cost of paying Doviet's fees in serving as the guardian ad litem.
On May 18, 2017, the mother filed a motion to continue the hearing on the merits, which was scheduled for four days later, on May 22, 2017. In that motion to continue, the mother alleged that, two days earlier, she had spoken with Doviet and had learned that Doviet "had not made any attempt" to obtain or review the psychologist's records pertaining to the children and that, therefore, Doviet was "unable to make any informed decision whether to waive the psychologist-patient privilege" for the children so that the mother could present evidence to the trial court regarding "the treatment of the children, the children's diagnoses, and the parents' interaction with the psychologist."
*157 The mother argued that the May 22, 2017, hearing on the merits should be postponed so that Doviet could have time to make a determination regarding whether to waive the privilege; the mother maintained that she was "unable to properly prepare for trial" unless Doviet, as the children's guardian ad litem, made the determination that the privilege should be waived.
On May 19, 2017, the trial court entered an order denying the mother's motion to continue the May 22, 2017, hearing. In that order, the trial court stated, among other things, that it would "not allow a guardian ad litem to waive a minor's privilege" and that it could not find authority that would permit a guardian ad litem to be allowed access to a child's confidential records.
The mother then filed, on May 19, 2017, a motion to stay the scheduled hearing "pending the [mother's] filing a petition for a writ of mandamus" in this court from the trial court's May 19, 2017, order. On that same day, the trial court granted the mother's motion to stay.
On June 30, 2017, the mother and Doviet (hereinafter referred to as "the petitioners") timely filed in this court a joint petition for a writ of mandamus.[1]
"We first note that mandamus is an extraordinary remedy. It requires a showing that there is: '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Alfab, Inc., 586 So.2d 889 (Ala. 1991).
"It is well settled that '[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse.' Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990) (emphasis added)."
Ex parte Allen, 655 So.2d 962, 963 (Ala. 1995).
The issues the mother and Doviet identify in their petition for a writ of mandamus relate to the children's psychotherapist-patient privilege. See § 34-26-2, Ala. Code 1975 (providing that communications between a client and certain mental-health professionals are confidential and privileged). A child, the child's parent, or the child's psychotherapist may assert the psychotherapist-patient privilege, but only the child may waive the privilege. Ex parte T.O., 898 So.2d 706, 711 (Ala. 2004). In their brief submitted to this court, the petitioners question whether a guardian ad litem can access the psychological records of a child he or she is appointed to represent and whether a guardian ad litem may waive, on behalf of his or her client (i.e., the child), the child's psychotherapist-patient privilege. The petitioners seek from this court a writ of mandamus directing the trial court to enter an order allowing Doviet to access the children's confidential psychological/counseling records to determine whether the privilege should be waived and allowing Doviet to waive the *158 privilege on behalf of the children if she concludes that it is in the children's best interests to do so.
The petitioners fail to demonstrate, however, that they sought in the trial court the relief requested in this court.[2] There is nothing in the materials submitted to this court indicating that either or both of the children, their psychologist, or either parent had asserted the psychotherapist-patient privilege.[3] Ex parte Kimbrell, 180 So.3d 30, 36 (Ala. Civ. App. 2015) (the petitioner must include in support of a petition for a writ of mandamus evidence necessary for review of the issue).
In addition, the materials the petitioners presented to this court do not demonstrate that Doviet was, or would have been had she asked, denied the opportunity to review the children's psychological/counseling records, and there is no indication that the privilege was asserted or that Doviet attempted to waive it on behalf of the children. Rather, in denying the mother's motion for a continuance, the trial court merely indicated that it would not allow a guardian ad litem to waive the psychotherapist-patient privilege on behalf of a minor child and that it was not certain there was a basis to allow a guardian ad litem access to confidential medical records. That ruling indicates the trial court's opinion on an issue that might be presented to it in the future. Thus, the petitioners have not demonstrated that there was any controversy before the trial court pertaining to the privilege that might be asserted with regard to the children's psychological/counseling records. Our supreme court has stated that "[m]atters that may or may not occur in the future are not matters in controversy." Case v. Alabama State Bar, 939 So.2d 881, 884-85 (Ala. 2006).
The comments the trial court made in its May 19, 2017, order denying the mother's motion to continue merely advised the parties and Doviet of its anticipated ruling on an issue that might be presented to it in the future.[4] Our supreme court has held, however, that " 'the judiciary of Alabama is not empowered " 'to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.' " ' " Case v. Alabama State Bar, 939 So.2d at 885 (quoting Ex parte Connors, 855 So.2d 486, 488 (Ala. 2003), quoting in turn Stamps v. Jefferson Cty. Bd. of Educ., 642 So.2d 941, 944 (Ala. 1994) ). " 'This Court does not issue the writ of mandamus based on mere speculation as to the possible occurrence of future events.' " Ex parte Flexible Prods. Co., 915 So.2d 34, 41 (Ala. 2005) (quoting Ex parte Vance, 900 So.2d 394, 399 (Ala. 2004) ). See also Ex parte Par Pharm., Inc., 58 So.3d 767, 775 (Ala. 2010) (same). In this case, " 'mandamus will not lie, since the courts will not permit the use of the writ upon merely speculative grounds, or to gratify a spirit of curiosity.' "
*159 Foster v. White, 86 Ala. 467, 470, 6 So. 88, 90 (1889) (quoting High on Extraordinary Legal Remedies, § 310).
The petitioners have failed to demonstrate a clear legal right to the relief they have requested, i.e., an opinion providing guidance on the issues of access to and the waiver of the privilege regarding a child's privileged psychological records.
PETITION DENIED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

The petitioners have not briefed the issue whether the mother can raise issues pertaining to a guardian ad litem's access to the a child's confidential records or whether a guardian ad litem may waive a child's privilege. Doviet has joined the mother's petition for a writ of mandamus; the two filed a joint brief in this court. In addressing the issues raised in that petition for a writ of mandamus, this court does not decide the mother's authority to raise those issues.

To the extent that the petitioners might be arguing that the mother's motion for a continuance asked the trial court to allow Doviet to examine the records or waive the privilege, we note that the mother is not allowed to direct the manner in which a guardian ad litem represents his or her client.

The petitioners have not argued that the assertion of that privilege was not necessary.

We note that, had a request pertaining to the psychotherapist-patient privilege been properly made and argued to the trial court, the trial court might have reached a different decision on the issue, thereby mooting the need for the current petition.