PER CURIAM.
Cherry Grace Sims ("the mother") and Sharon K. Doviet, the guardian ad litem appointed to represent the children of the mother and Douglas Lawrence Sims ("the father"), filed a petition for a writ of mandamus seeking relief from a November 14, 2017, order of the Madison Circuit Court ("the trial court"). This is the second time these petitioners have been before this court.
In Ex parte Sims, 246 So.3d 155, 156-57 (Ala. Civ. App. 2017), this court set forth the relevant history as follows:
"The mother was divorced in 2012 from [the father]. Two children were born of the parties' marriage, and, as a result of the 2012 divorce judgment, the mother and the father shared joint legal and joint physical custody of the children. At the time of the entry of the order that is the subject of this mandamus petition, the two children, who are twins, were 10 years old.
"On August 29, 2016, the mother filed a petition to modify custody of the parties' children in which she sought an award of sole physical custody of the children. In September 2016, the father answered and counterclaimed, also seeking an award of sole physical custody of the parties' children.
"On January 12, 2017, the mother filed a motion for the appointment of a guardian ad litem to represent the children. In that motion, the mother alleged that the children were being treated by a psychologist. She argued that the children's records of treatment with the psychologist are privileged and that the children lack the authority to waive that privilege because they are minors. The mother sought the appointment of a guardian ad litem for the purpose of *1209 determining whether the children could or should waive that privilege. On that same day, January 12, 2017, the trial court entered an order in which it granted the mother's motion and appointed Doviet to serve as the children's guardian ad litem. ...
"On May 18, 2017, the mother filed a motion to continue the hearing on the merits, which was scheduled for four days later, on May 22, 2017. In that motion to continue, the mother alleged that, two days earlier, she had spoken with Doviet and had learned that Doviet 'had not made any attempt' to obtain or review the psychologist's records pertaining to the children and that, therefore, Doviet was 'unable to make any informed decision whether to waive the psychologist-patient privilege' for the children so that the mother could present evidence to the trial court regarding 'the treatment of the children, the children's diagnoses, and the parents' interaction with the psychologist.' The mother argued that the May 22, 2017, hearing on the merits should be postponed so that Doviet could have time to make a determination regarding whether to waive the privilege; the mother maintained that she was 'unable to properly prepare for trial' unless Doviet, as the children's guardian ad litem, made the determination that the privilege should be waived.
"On May 19, 2017, the trial court entered an order denying the mother's motion to continue the May 22, 2017, hearing. ...
"....
"On June 30, 2017, the mother and Doviet ... timely filed in this court a joint petition for a writ of mandamus."
In denying the petition for a writ of mandamus in Ex parte Sims, supra, this court concluded that the mother and Doviet had failed to demonstrate that any party had asserted the psychotherapist-patient privilege on behalf of the children or that Doviet had requested or been denied the opportunity to review the psychological/counseling records for the children. Ex parte Sims, 246 So.3d at 158. This court also determined that the order from which that petition for a writ of mandamus had arisen merely advised the parties as to the trial court's probable ruling if Doviet had sought in the trial court the relief addressed in the petition for a writ of mandamus filed in this court. Id.
This court entered its certificate of judgment in Ex parte Sims, supra, on September 13, 2017.
On November 9, 2017, Doviet filed a motion in the trial court seeking an order allowing her to review the confidential psychological records of Dr. Bridget Floyd, the licensed psychologist who has treated the children. In that motion, Doviet alleged that the children were being treated by a psychologist and that the psychologist's testimony might be relevant to the custody dispute. Doviet did not allege or attach any evidence to her motion indicating that the psychologist had denied any request made by Doviet or either parent. Doviet merely requested that the trial court grant her permission to review the psychologist's records so that she could determine whether it was in the children's best interests to waive the psychotherapist-patient privilege. The father filed an opposition to Doviet's motion, and the mother filed a response in support of Doviet's motion.
On November 14, 2017, the trial court entered an order denying Doviet's November 9, 2017, motion. As the basis for that ruling, the trial court stated that it had determined that a guardian ad litem could not waive a minor's privilege and that, for that reason, it would not allow a guardian ad litem to waive the children's privilege.
*1210 The trial court granted a motion filed by the mother to stay the proceedings below pending the disposition of a petition for a writ of mandamus filed with respect to the November 14, 2017, order. The mother and Doviet timely filed this petition for a writ of mandamus in this court.
The current petition for a writ of mandamus is not substantially different from the one filed earlier in Ex parte Sims, supra. In this proceeding, Doviet, rather than the mother, moved the trial court for permission to allow Doviet to review the children's confidential psychological records. Again, however, there is no indication in the materials before this court that "Doviet was, or would have been had she asked, denied the opportunity to review the children's psychological/counseling records, and there is no indication that the privilege was asserted or that Doviet attempted to waive it on behalf of the children." Ex parte Sims, 246 So.3d at 158.
"Alabama cases often address ripeness in the context of whether a case is justiciable, or appropriate for judicial review. That is, the case must concern a dispute that is ' " 'a real and substantial controversy admitting of specific relief through a [judgment].' " ' Ex parte Bridges, 925 So.2d 189, 193 (Ala. 2005) (holding that declaratory relief is not available for an 'anticipated controversy' (quoting Baldwin County v. Bay Minette, 854 So.2d 42, 45 (Ala. 2003), quoting in turn Copeland v. Jefferson County, 284 Ala. 558, 561, 226 So.2d 385, 387 (1969) ) )."
Ex parte Riley, 11 So.3d 801, 806-07 (Ala. 2008). See also State Farm Mut. Auto. Ins. Co. v. Brown, 894 So.2d 643, 649 (Ala. 2004) ("A controversy is justiciable when present legal rights are affected, not when a controversy is merely anticipated."). Essentially, Doviet's motion is merely a request that the trial court declare the rights of the parents and children with regard to the psychotherapist-patient privilege.
The current petition for a writ of mandamus does not present to this court a justiciable controversy and is not ripe for review. See Ex parte Safeway Ins. Co. of Alabama, Inc., 990 So.2d 344, 354 n. 7 (Ala. 2008) (Murdock, J., concurring in the result) (discussing the concept of ripeness in the context of a justiciable controversy and stating that ripeness focuses "upon the 'concreteness' of the plaintiff's injuries"). The mother and Doviet have failed to demonstrate a clear legal right to the relief they have requested, and, therefore, we deny the petition.
PETITION DENIED.
All the judges concur.