MAIN, Justice.
Paul A. Irwin, Jr., appeals from a final judgment of the Jefferson Circuit Court dismissing his claim for injunctive relief against the Jefferson County Personnel Board ("the Board") and the City of Trussville ("Trussville"), a municipality located in Jefferson County. We dismiss the appeal.
I. Facts and Procedural History
This case arises from Trussville's desire to hire a police chief following the retirement of its former police chief. The position of police chief is a classified civil-service position. Under the provisions of § 45-37-121 et seq., Ala. Code 1975 (Local Laws, Jefferson County)("the enabling act"), the Board is vested with the authority to regulate the appointment procedure of classified civil-service positions in Jefferson County. In accordance with rules established by the Board, Trussville, on January 3, 2017, submitted a request to the Board to fill the position of "Police Chief II." In response, on January 3, 2017, the Board provided Trussville with a certified list of 10 eligible candidates.
The certified list of candidates-referred to in the rules of the Board as the "Certificate of Eligibles"-provided to Trussville is generated from an eligibility list. That eligibility list for the position of police chief had been created by the Board in 2014 and consisted of qualified applicants ranked based on the results of a competitive assessment examination. Irwin's name appeared on the certified list.
Trussville interviewed Irwin and two other candidates from the certified list. Trussville did not hire Irwin or any other candidate from the certified list supplied by the Board in January 2017. Instead, Trussville returned the list to the Board and requested that the Board administer a new test for the position of Police Chief II. On January 23, 2017, the Board "expired" the eligibility list. On January 27, 2017, the Board also approved Trussville's request to hire a provisional police chief until such time as a new assessment examination could be administered and a new eligibility list generated.
On March 1, 2017, Irwin sued the Board and Trussville, contending that, once the Board issued to Trussville a certified list of eligible candidates for the position of police chief, Trussville was required to hire a candidate from that list and had no discretion to leave the position unfilled. The complaint sought only injunctive relief. Specifically, it requested an order:
"1. Halting the examination for Chief of Police by the [Board].
"2. Restraining any appointments unless it is the name of a candidate that appeared on the [January 2017] list of eligible police chief candidates.
*700 "3. Restraining the [Board and Trussville] from any other actions in this case that are in violation of the Enabling Act.
"4. Directing the City of Trussville to make an appointment pursuant to the Enabling Act."
Irwin's complaint was accompanied by a motion for a temporary restraining order ("TRO"). On March 9, 2017, Irwin filed a motion for a preliminary injunction. On March 22, 2017, the trial court denied Irwin's motion for a TRO and set the motion for a preliminary injunction for an evidentiary hearing.
Before the hearing on the motion for a preliminary injunction, Irwin accepted the job of police chief with the City of Pell City. Upon notice of Irwin's acceptance of a police-chief position with another municipality, the trial court invited a written response from Irwin as to whether his action against the Board and Trussville had been rendered moot by his accepting a police-chief position with another municipality. Irwin responded that the action had not been rendered moot because, he said, he remained a qualified candidate for the Trussville police-chief job and that, notwithstanding his acceptance of the Pell City police-chief job, he still wanted to be the police chief for Trussville. On April 19, 2017, the trial court entered an order in which it concluded that Irwin's action was not moot but that "the relief he would hereafter pursue would be in the nature of money damages." The trial court denied Irwin's motion for a preliminary injunction and continued the evidentiary hearing.
On April 20, 2017, Irwin moved the trial court to reconsider its order denying the preliminary injunction. In that motion, Irwin explained that his desire to be the Trussville police chief was born of his family's strong ties to the Trussville community and that money damages would not adequately compensate him for the loss of the opportunity to serve as Trussville's police chief. The trial court did not immediately rule on Irwin's motion to reconsider.
On May 22, 2017, Trussville filed a motion to dismiss Irwin's action or, in the alternative, for a summary judgment. On May 31, 2017, the Board also filed a motion to dismiss or, in the alternative, for a summary judgment.
On June 2, 2017, the trial court conducted a hearing on Irwin's motion to reconsider the denial of his preliminary-injunction motion and the motions to dismiss filed by the Board and Trussville.
On July 10, 2017, Irwin filed a notice in the trial court indicating that the Board had administered a new police-chief examination; that he had taken the new examination; and that he had achieved the highest possible score. The Board responded by stating that "[t]he appearance of [Irwin]'s name on any Certified List requested by the City of Trussville once the Eligibility List is completed does not create an obligation on the part of the City of Trussville to hire [Irwin]."
On August 9, 2017, the trial court entered an order granting the Board's and Trussville's motions to dismiss. The order explained:
"Pending are motions to dismiss filed by defendants, the [Board] and [Trussville]. [Irwin] opposes these motions. Because the court regards the pending motions as motions to dismiss, the allegations raised in [Irwin's] filings are viewed as establishing the material facts at issue. The question is whether, based on the allegations made by [Irwin], the [Board and Trussville] are entitled to the dismissal of this action as a matter of law.
*701 "In his complaint and motion for temporary restraining order, [Irwin] alleges that the [Board] provided to [Trussville] a certified list of eligible police chief candidates on January 3, 2017, but [Trussville] elected not to make an appointment from that list, causing the list to expire by the end of January. In his motion for preliminary injunction, [Irwin] further alleges that he was included on that list and was interviewed for the Trussville vacancy. The gravamen of [Irwin's] action is that by failing to make an appointment from the January eligibles list, the City of Trussville has violated his legal rights.
"Rule 11.2(b) of The Rules and Regulations of the Personnel Board of Jefferson County, provides an appointing authority 'may make an appointment from the Certificate of Eligibles...' (Emphasis added). Under Rule 11.2(c), once a Certificate of Eligibles is issued, an Appointing Authority has ten business days to either make an appointment or give written notification that the request has been withdrawn. Rule 11.2(c) goes on to provide, however, that '[i]f no appointment is made within thirty (30) days of the date of the Certificate of Eligibles, then the Certificate of Eligibles shall expire unless extended upon written request of the Appointing Authority, approved by the Director.' [The Board and Trussville] argue that this is what happened here. [Irwin] does not dispute that the events of January were in keeping with the [Board]'s Rules and Regulations.
"[Irwin] instead argues that Rule 11.2 violates the Enabling Act of the [Board]. Section 18 of the Enabling Act provides among other things the following:
" 'Whenever a vacancy in an existing position is to be filled by appointment, the appointing authority shall submit to the director a statement of the title of the position, and if requested by the director to do so, the duties of the position, and desired qualifications of the person to be appointed and a request that the Director certify the Appointing Authority the names of persons eligible for appointment to the position. The Director shall thereupon certify to the Appointing Authority the ranking eligibles, correlating to the 10 highest test scores from the appropriate register .... Within 10 days after the names are certified the Appointing Authority shall appoint one of those whose names are certified to each vacancy which he or she is to fill.'
"[§ 45-37-121.15, Ala. Code 1975 ] (Emphasis added.) Under Rule 11.2, an Appointing Authority 'may' make an appointment from the list of eligibles provided to it, while under the Enabling Act, an appointing authority 'shall'-and [Irwin] argues, must-make such a selection.
"However, other language in Section 18 suggests that an appointing authority does not bear such an unconditional obligation. Specifically, the section provides the consequences if an appointing authority fails to make a selection:
" 'In the event an Appointing Authority fails or refuses to fill a vacancy in an existing position from a certified list of eligibles the Director may refuse to certify the payroll, voucher or account of any ineligible person found to be performing the duties of the position.'
"If an appointing authority is unconditionally obligated to select from a certified list, there is no reason to have such language.
"The court finally notes the following language of Section 18, which expressly *702 provides to the Personnel Board the authority to proscribe rules governing this process:
" 'The Personnel Board shall adopt appropriate rules and regulations governing all appointments to vacancies in the classified service to the end that such rules shall comply with the law and serve the public interest.'
"There are numerous decisions from our appellate courts making clear that an administrative agency's interpretation of its powers and duties is entitled to judicial deference, so long as that interpretation is reasonable and in keeping with the legislation establishing that agency. Close review of Rule 11 of The Rules and Regulations of the Personnel Board of Jefferson County leads this court to conclude that the process set forth therein is a reasonable construction of the Enabling Act and in fact is necessary to fill in the gaps in the appointment process left unaddressed by the Enabling Act. This court therefore cannot conclude that the [Board and Trussville] stand in violation of any law by failing to make an appointment from the January 2017 list and letting the list expire.
"Accordingly, [Irwin] has not alleged any facts that can be interpreted as giving rise to any actionable claim against [the Board and Trussville]. The pending motions to dismiss are therefore GRANTED, and this action is dismissed with prejudice, cost taxed as paid."
The trial court also entered a separate order denying Irwin's motion to reconsider his motion for a preliminary injunction.
Irwin filed a postjudgment motion, which was denied on August 30, 2017. Irwin filed his notice of appeal on September 14, 2017. Irwin did not seek from either the trial court or this court an injunction, under Rule 8, Ala. R. App. P., to preserve the status quo pending this appeal, and, as discussed, infra, Trussville has appointed a permanent police chief.
II. Analysis
On appeal, Irwin argues that the trial court incorrectly construed the language of the enabling act. Irwin contends that, under the plain language of the enabling act, once Trussville notified the Board that it intended to fill the position of police chief and received the January 2017 certified list of eligible candidates from the Board, it was required to appoint one of the individuals named on the certified list to the position of police chief. Before we turn to the merits of Irwin's argument, however, there are threshold matters that must first be addressed.
First, we consider the timeliness of Irwin's appeal. Trussville and the Board contend that this appeal is due to be dismissed because, they argue, it is untimely. To this end, they note that Irwin demanded only injunctive relief. Trussville and the Board contend that, once the trial court denied Irwin's motions for a TRO and a preliminary injunction, all of Irwin's claims were adjudicated. Because Irwin's motion for a preliminary injunction was denied on April 19, 2017, Trussville and the Board argue that Irwin's September 14, 2017, notice of appeal was untimely. We disagree.
As the names of the relief sought suggest, orders of a trial court granting or denying a temporary restraining order or a preliminary injunction are interlocutory in nature. See Momar, Inc. v. Schneider, 823 So.2d 701, 704 (Ala. Civ. App. 2001) ; Watchous v. North Creek Baptist Church, 706 So.2d 1259 (Ala. Civ. App. 1997). Indeed, the purpose of temporary and preliminary injunctive relief is to maintain the status quo pending the resolution of the *703 action on its merits. Jacobs Broad. Grp., Inc. v. Jeff Beck Broad. Grp., LLC, 160 So.3d 345, 349 n. 3 (Ala. Civ. App. 2014). Irwin, therefore, necessarily sought a final judgment on the merits and ultimately, if successful, final permanent injunctive relief. It is also clear that the trial court's orders denying the TRO and the preliminary injunction did not touch on the merits of the case and were not intended as final judgments. Certainly, the trial court could have reconsidered its decision to deny the preliminary injunction at any time before the entry of the final judgment. Indeed, the trial court withheld ruling on Irwin's motion to reconsider the preliminary injunction until it had fully considered the motions to dismiss.
To be sure, Irwin could have directly appealed the denial of his motions for temporary or preliminary injunctive relief under the provisions of Rule 4(a)(1), Ala. R. App. P., but the fact that he did not does not render his appeal from the trial court's final judgment untimely.[1] Here, the final judgment was entered on August 9, 2017; Irwin's postjudgment motion was denied on August 30, 2017; and his notice of appeal from the final judgment was timely filed on September 14, 2017.
Although Irwin's appeal is "timely" in the technical sense, we must nevertheless determine whether, as a practical matter, it has come too late. Indeed, it appears that events occurring since the filing of this appeal have rendered Irwin's claims moot. In its brief, Trussville informs this Court that, following the entry of the final judgment in the trial court, it appointed a permanent police chief on October 10, 2017. It appears that the person appointed as the new permanent police chief is the former provisional police chief, an individual who, according to the record, was not on the January 2017 certified list, but who was, according to Trussville, on a subsequent certified list of eligible candidates provided by the Board. In other words, Trussville has filled the job sought by Irwin and in a manner Irwin sought to prevent.
As to mootness, this Court has stated:
" ' "A moot case or question is a case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, or involve conflicting rights so far as plaintiff is concerned." ' Case v. Alabama State Bar, 939 So.2d 881, 884 (Ala. 2006) (quoting American Fed'n of State, County & Mun. Employees v. Dawkins, 268 Ala. 13, 18, 104 So.2d 827, 830-31 (1958) ). 'The test for mootness is commonly stated as whether the court's action on the merits would affect the rights of the parties.' Crawford v. State, 153 S.W.3d 497, 501 (Tex. App. 2004) (citing VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex. 1993) ). 'A case becomes moot if at any stage there ceases to be an actual controversy between the parties.' Id. (emphasis added) (citing National Collegiate Athletic Ass'n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999) ).
" 'There must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under the declaratory judgment statutes, and if there was no justiciable controversy existing when the suit was commenced the trial court had no jurisdiction.' State ex rel. Baxley v. Johnson, 293 Ala. 69, 73, 300 So.2d 106, 110 (1974).... 'A moot case *704 lacks justiciability.' Crawford, 153 S.W.3d at 501. Thus, '[a]n action that originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised in it have become moot by subsequent acts or events.' Case, 939 So.2d at 884 (citing Employees of Montgomery County Sheriff's Dep't v. Marshall, 893 So.2d 326, 330 (Ala. 2004) )."
Chapman v. Gooden, 974 So.2d 972, 983-84 (Ala. 2007). Furthermore, we have stated:
"The test, when a motion is made to dismiss an appeal because the right to an injunction, if it ever existed, has become moot, is whether the event which occurred pending appeal makes a determination of the appeal unnecessary, or renders it impossible for the appellate court to grant effectual relief."
Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963).
In this case, Irwin has sought only injunctive relief. The primary purpose of injunctive relief, however, is to prevent future injury. See Williams v. Wert, 259 Ala. 557, 559, 67 So.2d 830, 831 (1953) ("The court cannot enjoin an act which has occurred."); 43A C.J.S. Injunctions 17 (2014) ("Equity will not usually issue an injunction when the act complained of has been committed and the injury has already occurred."). The specific actions Irwin sought to enjoin-the administration of a new examination for the position of Trussville's police chief and the appointment of a candidate to the position of police chief who was not on the January 2017 certified list-have now occurred. Accordingly, it is now impossible to provide Irwin the relief he requests.[2] See Woods v. SunTrust Bank, 81 So.3d 357, 363 (Ala. Civ. App. 2011) (holding that a request for injunctive relief to prevent a foreclosure was moot once the foreclosure had taken place).
Furthermore, we note that Irwin has made no response to the mootness argument in this Court, and we are not inclined to make and address legal arguments as to mootness on his behalf. See Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala. 1994) ("[I]t is not the function of this Court to do a party's legal research or to make and address legal arguments for a party ....").
Accordingly, we conclude that Irwin's claims for injunctive relief have become moot. Therefore, we are compelled to dismiss the appeal. See South Alabama Gas Dist. v. Knight, 138 So.3d 971, 976 (Ala. 2013).
III. Conclusion
Irwin's claims for injunctive relief have become moot. " '[T]his Court will not consider the merits of a claim that is moot.' " Knight, 138 So.3d at 978 (quoting Town of Elmore v. Town of Coosada, 957 So.2d 1096, 1100 (Ala. 2006) ). Thus, the appeal is dismissed.
APPEAL DISMISSED.
Stuart, C.J., and Parker, Bryan, and Mendheim, JJ., concur.

To the extent that Irwin seeks direct review of the trial court's orders denying his motions for a TRO or preliminary injunction, his appeal is untimely under Rule 4(a)(1), Ala. R. App. P. Watchous, 706 So.2d at 1259.

Even if the trial court could, on remand, restore the prejudgment status quo by issuance of a permanent mandatory injunction, such an injunction would amount to a collateral attack on the appointment of the currently serving police chief, who is not a party to this action. Under the circumstances presented to us, we are not sure this would be an appropriate exercise of the court's equitable powers. See 63C Am. Jur. 2d Public Officers & Employees § 472 (2009). At any rate, Irwin has not requested such relief.